**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | |
|---|---|
| _____ ) | |
| DE TECHNOLOGIES, INC.,                ) | Civil Action No. 7:04-CV-00628 |
|                                                       ) | |
|            Plaintiff,                              ) | Honorable Glen E. Conrad |
|                                                       ) | |
| v.                                                    ) | |
|                                                       ) | |
| DELL INC.,                                       ) | |
|            Defendant.                          ) | |
| _____) | |

## RESPONSE OF DE TECHNOLOGIES, INC. TO DELL'S NOTICE OF NEWLY ISSUED PRECEDENT REGARDING CLAIM CONSTRUCTION

Plaintiff DE Technologies, Inc. ("DE Tech") hereby responds to the Notice Of Newly Issued Precedent Regarding Claim Construction that Defendant Dell Inc. ("Dell") filed with this Court on December 7, 2005. Dell attached to its Notice a recently issued Federal Circuit opinion in Norian Corp. v. Stryker Corp., No. 05-1172, Slip op. (Fed. Cir. Dec. 6, 2005) ("Norian"), and suggested that here the Norian holding would somehow support Dell's misguided arguments that the "running a transaction program" language from Claim 1 of DE Tech's '020 patent should be narrowly construed so as to cover only the use of a *single* transaction program.

As a preliminary matter, it should be noted that the Norian holding is of no precedential relevance whatsoever because there the court was analyzing claim language in which the indefinite article "a" followed the transitional phrase "consisting of" rather than the transitional word "comprising" that is at issue here. In patent law, the closed phrase "consisting of" is interpreted in *precisely the opposite fashion* from the open-ended word "comprising." Indeed, whereas De Tech's use of the indefinite article "a" following the word "comprising" means "one or more," it instead would mean "one and only one" were it to have followed the phrase "consisting of." As the Norian

opinion clearly explains, "this court has interpreted the word 'a' in its singular sense when, as in this case, it has been used in conjunction with the closed transitional phrase 'consisting of.'"  Slip op. at 5.[1]

To the extent that the Norian opinion addresses "comprising" language at all, it does so merely through dicta which reaffirms well-settled legal principles of which this Court has already been apprised.  As DE Tech has previously demonstrated, when a patent claim uses indefinite articles like "a" or "an" following an open-ended transitional word such as "comprising," the law *presumptively* accords them the meaning of "one or more."  See (DE Tech Post-*Markman* Hearing Br., p. 11) (*citing* cases).  By way of dicta, the Norian opinion simply reiterates the unremarkable proposition that this legal presumption can potentially be overcome "when the specification or the prosecution history shows that the term was used in its singular sense," principally citing to Elkay Mfg. Co. v. Ebco Mfg. Co., 192 F.3d 973, 977-79 (Fed. Cir. 1999) ("Elkay") in support of such a proposition.  Slip op. at 5.

As applied here, Elkay and its progeny strongly support DE Tech's position in this case because Dell lacks the type of evidence from the specification or the prosecution history that would be required under Elkay to overcome the legal presumption that "a" means "one or more."  With respect to the specification, for example, Dell tries to argue that because the patentee used indefinite articles such as "a," "an" or "the" as modifiers in the specification, the word "a" as used in the claim language must therefore be given a singular construction.  But Elkay rejected such evidence as being inadequate as a matter of law to overcome the legal presumption favoring a plural construction.  See Elkay, 192 F.3d at 978 ("numerous references to 'a feed tube' and 'the feed tube' in the written description" can "not conclusively establish" disclaimer of coverage over multiple feed tubes).

---

[1]  In fact, the Federal Circuit found that during the prosecution history, the Norian patentee had intentionally "narrowed the claim by changing the transitional phrase in the claim's preamble from 'comprising' to 'consisting essentially of' and then ultimately to 'consisting of.'"  Slip op. at 7.

With respect to the prosecution history, in Elkay the patentee had expressly argued to the PTO that its invention was novel in comparison to a particular prior art reference (*i.e.*, the Krug patent) because its claims required there to be a *single* feed tube and flow path, whereas Krug disclosed the use of *multiple* separate feed tubes and flow paths.  192 F.3d at 978-79.  Accordingly, the Federal Circuit "conclude[d] that during prosecution Elkay disavowed a potential interpretation of the feed tube limitations in claim 1 and 7 … that would include separate feed tubes or flow paths."  Id.  By contrast, here Dell has not, and cannot, point to any instance in the prosecution history for the '020 patent where the applicant distinguished its invention over the prior art by drawing patentability distinctions between the use of single transaction programs versus multiple transaction programs.  Accordingly, the legal presumption that DE Tech's use of the word "a" should be given a plural construct has not been overcome.

The Norian opinion also relies upon the underlying case of Abtox, Inc. v. Exitron Corp., 122 F. 3d 1019, 1023-24 (Fed. Cir. 1997).  Slip op. at 5.  In Abtox, the court was compelled to give a singular construction to the term "a metallic gas-confining chamber" because other claim elements had expressly been "defined in relation to" there being only a single chamber, and these other elements would have been vitiated if the claim were read to more broadly cover multiple chambers.  Id.  By contrast, with respect to DE Tech's patents, the remaining claim elements are facially impartial to whether one or multiple transaction programs are used to integrate the recited processes.

In sum, the Norian opinion recently submitted by Dell adds nothing new to how this Court should approach claim construction here, and Norian in fact relies upon underlying case law decisions that strongly support DE Tech's position in this case.

Dated:  December 22, 2005                    Respectfully submitted,


                                             DE TECHNOLOGIES, INC.

                                             By its attorneys,


                                             s/ Marc N. Henschke
                                             Christopher P. Sullivan (*pro hac vice*)
                                             David E. Marder (*pro hac vice*)
                                             Marc N. Henschke (*pro hac vice*)
                                             Jonathan D. Mutch (*pro hac vice*)
                                             Robins, Kaplan, Miller & Ciresi L.L.P.
                                             800 Boylston Street, 25th Floor
                                             Boston, MA 02199
                                             Telephone: (617) 267-2300
                                             Fax: (617) 267-8288


                                             Dirk D. Thomas (*pro hac vice*)
                                             Robins, Kaplan, Miller & Ciresi L.L.P.
                                             1801 K Street N.W., Suite 1200
                                             Washington, DC 20006
                                             Telephone: (202) 775-0725
                                             Fax: (202) 223-8604

                                             William B. Poff (VSB No. 03477)
                                             Matthew P. Pritts (VSB No. 34628)
                                             Woods Rogers PLC
                                             10 Jefferson Street, Suite 1400
                                             Roanoke, VA 24038-4125
                                             Telephone: (540) 983-7649
                                             Fax: (540) 983-7711

35028141

## CERTIFICATE OF SERVICE

I, Marc N. Henschke, hereby certify that on December 22, 2005, I caused a true and correct

copy of the attached *Response Of DE Technologies, Inc. To Dell's Notice Of Newly Issued Precedent*

*Regarding Claim Construction* to be served by overnight Federal Express (and electronically to

CM/ECF participants)* upon Defendant's counsel of record at the following addresses:


William R. Rakes, Esq.*
GENTRY LOCKE RAKES & MOORE, LLP
800 SunTrust Plaza
10 Franklin Road S.E.
P.O. Box 40013
Roanoke, VA 24022-0013

Willem G. Schuurman, Esq.
Roderick B. Williams, Esq.
H. Kenneth Prol, Esq.
Christopher V. Ryan, Esq.*
Michael A. Valek, Esq.
Matt Wermager, Esq.
VINSON & ELKINS, LLP
The Terrace 7
2801 Via Fortuna, Suite 100
Austin, TX 78746-7568

John M. Faust, Esq.*
VINSON & ELKINS, LLP
1455 Pennsylvania Ave., N.W., Suite 600
Washington, D.C. 20004-1008


Dated:  December 22, 2005                    s/ Marc N. Henschke
                                             Marc N. Henschke