IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

_____
                                                              )
DE TECHNOLOGIES, INC.,                         )
                                                              )   Civil Action No. 7:04-CV-00628
         Plaintiff,                                         )
                                                              )   Honorable Glen E. Conrad
v.                                                            )
                                                              )
DELL INC.,                                                )
                                                              )
         Defendant.                                       )
_____ )

**PLAINTIFF DE TECHNOLOGIES, INC.'S MOTION TO CLARIFY THE COURT'S *MARKMAN* ORDER REGARDING ELEMENT (d)(iii) OF CLAIM 1 OF THE '020 PATENT**

William B. Poff (VSB No. 03477)
Matthew P. Pritts (VSB No. 34628)
WOODS ROGERS PLC
10 Jefferson Street, Suite 1400
Roanoke, VA 24038-4125
Telephone: (540) 983-7649
Fax: (540) 983-7711

Christopher P. Sullivan (*pro hac vice*)
David E. Marder (*pro hac vice*)
Marc N. Henschke (*pro hac vice*)
Jonathan D. Mutch (*pro hac vice*)
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
800 Boylston Street, 25th Floor
Boston, MA 02199
Telephone: (617) 267-2300
Fax: (617) 267-8288

Dirk D. Thomas (*pro hac vice*)
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
1801 K Street N.W., Suite 1200
Washington, DC 20006
Telephone: (202) 775-0725
Fax: (202) 223-8604

**TABLE OF CONTENTS**

**Page**

I.    PRELIMINARY STATEMENT ........................................................................................ 1

II.    ARGUMENT.................................................................................................................... 2

THE COURT SHOULD CLARIFY THE CONSTRUCTION OF ELEMENT (d)(iii) OF CLAIM 1 OF THE '020 PATENT PROVIDED IN ITS *MARKMAN* ORDER BECAUSE IT APPEARS POTENTIALLY INCONSISTENT WITH THE REASONING CONTAINED IN ITS MEMORANDUM OPINION ....................... 2

    A.    The Court's Use Of The Plural Terms "Options" And "Costs" In Element (d)(iii) Seems At Variance With Its Recognition That A Single International Shipping Method Can Be Predetermined By A Vendor, A Customer, Or The Nature Of The Product............................................................ 2

    B.    DE Tech Hereby Offers Suggestions For Clarifying The Construction Of Element (d)(iii) Provided In The Court's *Markman* Order.................................... 4

III.    CONCLUSION................................................................................................................ 5

# I.
# PRELIMINARY STATEMENT

On February 14, 2006, the Court issued a *Markman* Order, and an accompanying Memorandum Opinion ("Mem. Op."), providing its claim constructions for the disputed method claims contained in Plaintiff DE Technologies, Inc.'s ("DE Tech's") '020 and '364 patents. While on the whole the Court's claim constructions are exceptionally thoughtful and well-reasoned, DE Tech respectfully suggests that the Court's interpretation of element (d)(iii) of Claim 1 of the '020 patent[1] would benefit from judicial clarification. Indeed, such clarification would be helpful because, as currently drafted, the Court's construction of this element appears potentially inconsistent with the reasoning followed by the Court both in its Memorandum Opinion and at the *Markman* hearing.

The claim language of element (d)(iii) calls for the recited transaction system to integrate a process for accessing one or more databases to obtain "international shipping information related to an origination point of such product and said destination." In turn, the Court has construed this element to require the retrieval from a database of "any information, including at least shipping options and associated costs, related to shipping a product internationally from its point of origination to its point of destination." Pursuant to such a construction, a lack of clarity arises relative to the Court's use of the plural terms "option**s**" and "cost**s**," which might wrongly be viewed as always requiring that the transaction system obtain information from a database consisting of *multiple* shipping options and *multiple* costs.

The record makes clear, however, that the Court did not intend for its claim construction to preclude coverage over preferred embodiments in which a *single* international shipping

---

[1] The same claim language appears in both element (d)(iii) of Claim 1 of the '020 patent, and in element (b)(iii) of Claim 1 of the '364 patent. For the sake of convenience, DE Tech refers only to the '020 patent in its present motion, but intends for its arguments to apply equally to the '364 patent.

1

method -- with a *single* associated cost -- gets *predetermined* by a vendor, a customer, or by the nature of the product at issue. For these embodiments, the transaction system would have no need to obtain information about *multiple* shipping options and *multiple* costs from a database. Because the wording of the Court's construction seems to be at variance with the scope that it intended for element (d)(iii), DE Tech respectfully requests that a clarification be made in the manner suggested below.

## II.
## ARGUMENT
### THE COURT SHOULD CLARIFY THE CONSTRUCTION OF ELEMENT (d)(iii) OF CLAIM 1 OF THE '020 PATENT PROVIDED IN ITS *MARKMAN* ORDER BECAUSE IT APPEARS POTENTIALLY INCONSISTENT WITH THE REASONING CONTAINED IN ITS MEMORANDUM OPINION

A.  **The Court's Use Of The Plural Terms "Options" And "Costs" In Element (d)(iii) Seems At Variance With Its Recognition That A Single International Shipping Method Can Be Predetermined By A Vendor, A Customer, Or The Nature Of The Product**

Consistent with Claim 1 of the '020 patent, it would clearly be *permissible*, albeit *not required,* for the claimed transaction system to integrate a process for presenting a customer with multiple options relating to international shipping methods and their various associated costs. Under such scenarios, the transaction system would presumably need to retrieve information from a database pertaining to these multiple shipping options and costs.

However, as the Court correctly noted in its Memorandum Opinion, Claim 1 also encompasses preferred embodiments in which a customer would never in fact be presented with *multiple* international shipping options and costs. (Mem. Op., p. 12). Instead, these embodiments involve situations where a specific international shipping method is *predetermined* in advance in a variety of possible ways. First, the patent specification discloses that a predetermined shipping method can be "based upon a standard shipping route dictated by the vendor." ('020 Patent at 8:15-18). Thus, for example, "the vendor may offer a standard transportation package to customers" in which it exclusively contracts with a single international

2

carriage company so as to pass on resulting volume discounts to its customers through flat rate charges. (Id. at 7:45-49). Second, a predetermined shipping method can be established in response to a particular "route requested by the customer." (Id. at 8:15-18). Thereafter, the transaction system can store this requested preference in the customer profile information that it typically maintains. Third, a predetermined shipping method may sometimes be "dictated by the nature of the product being shipped." (Id. at 8:22-24). Indeed, where the purchased products are barrels of hazardous industrial chemicals, there might only be one legal and practical way that they can be shipped internationally.[2]

In these later situations where *one* specific international shipping method has been predetermined, there would be no need for the transaction system to integrate a process for retrieving information from a database that reflects *multiple* shipping options or *multiple* costs. Rather, the integrated process would limit its efforts to obtaining only the particular cost associated with the particular shipping method that had been pre-selected. As the Court properly recognized at the *Markman* hearing, in circumstances where "the mode of shipping will be dictated or predetermined by the customer" or "by the vendor," it "would be unnecessary to always require" that the transaction system retrieve information about "all methods of transport" from a database. See Hearing Tr., Vol. II, p. 86.

Unfortunately, the construction of element (d)(iii) of Claim 1 of the '020 patent provided in the *Markman* Order appears potentially inconsistent with the appreciation that the Court showed -- both in its Memorandum Opinion and at the *Markman* hearing -- for preferred embodiments involving *predetermined* international shipping methods. Indeed, by using the plural terms "option**s**" and "cost**s**," the Court leaves the door open for an accused infringer to

---

[2] Additionally, in situations where international commercial transactions are conducted on a web site hosted by a systems operator rather than by a vendor, the '020 patent also would clearly allow the systems operator to dictate a predetermined shipping method on a systems default basis or otherwise.

3

argue that the Court's claim construction always requires that the transaction system retrieve information from a database pertaining to *multiple* shipping options and *multiple* costs. For example, imagine a scenario where the accused infringer is an American vendor that predetermines an international shipping method by entering an exclusive contract with Federal Express for delivering its merchandise to anywhere in Japan for a flat rate charge based upon product category. When a customer living in Japan purchases a particular category of product from that vendor, the transaction system would presumably obtain from a database information relating to only the *one* cost associated with that *one* predetermined international shipping method. By exploiting the wording of the Court's present claim construction, such a vendor would likely try to argue that no literal infringement had occurred because information pertaining to *multiple* international shipping "option**s**" and *multiple* "cost**s**" was never retrieved from a database.

   DE Tech does not believe that the Court intended for its claim construction to potentially exclude coverage over preferred embodiments involving *predetermined* international shipping methods, nor for an accused infringer to be able to rely upon this type of non-infringement argument. Accordingly, DE Tech respectfully requests that the Court take this opportunity to clarify its construction of element (d)(iii) in a manner consistent with the suggestions detailed below.

  **B.** **DE Tech Hereby Offers Suggestions For Clarifying The Construction Of Element (d)(iii) Provided In The Court's *Markman* Order**

   The key to clarifying the Court's construction of element (d)(iii) is to make the terms "option**s**" and "cost**s**" no longer plural. In this regard, DE Tech suggests the following revisions:

4

any information, **including at least a cost associated with a shipping option,** ~~including at least shipping options and associated costs~~, related to shipping a product internationally from its point of origination to its point of destination[3]

Such a clarification would harmonize the Court's *Markman* Order with the reasoning contained in its Memorandum Opinion by clarifying that the Court's claim construction is intended to encompass both those preferred embodiments in which information pertaining to multiple shipping options and associated costs is retrieved from a database, *and* those in which information pertaining to a single predetermined shipping option and its associated cost is retrieved from a database.

Alternatively, should the Court not wish to amend the wording of its present claim construction, DE Tech respectfully requests that the Court at least issue a supplemental Order clarifying that its interpretation of element (d)(iii) is intended to literally encompass embodiments of the '020 invention in which a single predetermined shipping option and its associated cost is retrieved from a database.

### III.
### CONCLUSION

For the foregoing reasons, DE Tech respectfully requests that the Court clarify the claim construction for element (d)(iii) of Claim 1 of the '020 patent provided in its *Markman* Order dated February 14, 2006 in a manner consistent with the suggestions detailed above. Should the Court deem it helpful, DE Tech would be amenable to participating in a telephone call or an in-person hearing to further address the substance of its present motion.

---

[3] For all the reasons it has suggested throughout the *Markman* proceedings, DE Tech believes that neither the Court's present construction of element (d)(iii), nor even the revised version provided above in the text, would be legally correct. In short, Claim 1 of the '020 patent broadly covers *any* type of international shipping information, and attempts to limit such information to particular categories (*e.g.*, "shipping options" or "associated costs") impermissibly read limitations from the specification into the claim language. By its present motion, however, DE Tech is merely asking the Court to *clarify*, rather than to *reconsider,* its interpretation of element (d)(iii).

Dated:  February 21, 2006 Respectfully submitted,

DE TECHNOLOGIES, INC.

By its attorneys,


s/ Marc N. Henschke
Christopher P. Sullivan (*pro hac vice*)
David E. Marder (*pro hac vice*)
Marc N. Henschke (*pro hac vice*)
Jonathan D. Mutch (*pro hac vice*)
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
800 Boylston Street, 25th Floor
Boston, MA 02199
Telephone: (617) 267-2300
Fax: (617) 267-8288

Dirk D. Thomas (*pro hac vice*)
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
1801 K Street N.W., Suite 1200
Washington, DC 20006
Telephone: (202) 775-0725
Fax: (202) 223-8604

William B. Poff (VSB No. 03477)
Matthew P. Pritts (VSB No. 34628)
WOODS ROGERS PLC
10 Jefferson Street, Suite 1400
Roanoke, VA 24038-4125
Telephone: (540) 983-7649
Fax: (540) 983-7711

35029385.1

## CERTIFICATE OF SERVICE

I, Marc N. Henschke, hereby certify that on February 21, 2006, I caused a true and correct copy of the attached *Plaintiff DE Technologies, Inc. Motion To Clarify The Court's* Markman *Order Regarding Element (d)(iii) Of Claim 1 Of The '020 Patent* to be served by overnight Federal Express (and electronically to CM/ECF participants)* upon Defendant's counsel of record at the following addresses:


William R. Rakes, Esq.*
GENTRY LOCKE RAKES & MOORE, LLP
800 SunTrust Plaza
10 Franklin Road S.E.
P.O. Box 40013
Roanoke, VA 24022-0013

Willem G. Schuurman, Esq.
Roderick B. Williams, Esq.
H. Kenneth Prol, Esq.
Christopher V. Ryan, Esq.*
Michael A. Valek, Esq.
Matt Wermager, Esq.
VINSON & ELKINS, LLP
The Terrace 7
2801 Via Fortuna, Suite 100
Austin, TX 78746-7568

John M. Faust, Esq.*
VINSON & ELKINS, LLP
1455 Pennsylvania Ave., N.W., Suite 600
Washington, D.C. 20004-1008


Dated:  February 21, 2006		s/ Marc N. Henschke_____
					Marc N. Henschke