CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 21 2006

JOHN F. CORCORAN, CLERK
BY:
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DE TECHNOLOGIES, INC., ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 7:04CV00628 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| DELL, INC., ) | By: Hon. Glen E. Conrad |
| ) | United States District Judge |
| Defendant. ) | |

This case is before the court on DE, Inc.'s ("DE's") motion for reconsideration of the court's Markman Order regarding elements (a) and (b) of Claim 1 of the '020 Patent and motion to clarify the court's Markman Order regarding element (d)(iii) of Claim 1 of the '020 Patent. DE claims that the portions of the court's Order construing elements (a) and (b) of Claim 1 of U.S. Patent No. 6,460,020 ("the '020 Patent"), issued on February 14, 2006, are incorrect as a matter of law. DE also contends that the court's construction of the '020 Patent and U.S. Patent No. 6,845,364 ("the '364 Patent"), needs clarification in regard to the term "international shipping information," element (d)(iii) of Claim 1 of the '020 Patent.[1] Dell, Inc. ("Dell") has filed a response in opposition, and DE has filed a reply. For the following reasons, the court will deny the plaintiff's motion for reconsideration and grant the plaintiff's motion to clarify the court's Markman Order and revise the court's construction.

Claim 1 of the '020 Patent discloses:

A computer implemented process for carrying out an international commercial
transaction comprising:
running a transaction program on a computer system so as to integrate processes
including ...
(a) selecting a language from a menu in which to view cataloge [sic] information on
products;
(b) selecting a currency from a menu in which to obtain price information; ...

---

[1] The term is also used in Claim 13 of the '020 Patent and Claim 1 of the '364 Patent.

      (d) accessing at least one local or remote database for obtaining ...
           (iii) international shipping information related to an origination point of such product and said destination ....

## I.    Motion for Reconsideration

The court construed "selecting a language from a menu" as "choosing a language after presentation of a language menu and consideration of user input." The court construed "selecting a currency from a menu" as "choosing a currency after presentation of a currency menu and consideration of user input."[2]

The Federal Circuit has held that a motion to alter or amend judgment must be based on one of three grounds: (1) a change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or prevent manifest injustice. Imagexpo, L.L.C. v. Microsoft Corp., 271 F. Supp. 2d 834, 836 (E.D. Va. 2003) (citing Ajinomoto Co. v. Archer-Daniels-Midland Co., 228 F.3d 1338, 1350 (Fed. Cir. 2000)). In its brief, DE claims that the court's construction is incorrect as a matter of law. (DE Mot. for Reconsideration at 1.) In support of this position, DE claims that the court's construction improperly reads out the claim limitation, "from a menu," and excludes coverage over certain preferred embodiments where there is no default override or where the default override feature is present but not used by the customer.

After reviewing the claim language, specification, and prosecution history, the court concludes that its original construction of the terms was not incorrect as a matter of law. First, the

---

    [2]Due to the claim construction rule that claim terms should be construed consistently throughout a claim, Rexnord Corp. v. Laitram Corp., 274 F.3d 1336, 1342 (Fed. Cir. 2001), the court found that "selecting a language from a menu" and "selecting a currency from a menu" should be construed in the same way. In the discussion of the terms, the proper construction of the currency term will be described, although the resulting construction applies to the language term as well.

2

court did not read out the "from a menu" limitation and did not exclude preferred embodiments from coverage. The court's construction accounts for the specification provision that a default selection is sometimes utilized. As the court noted in its Memorandum Opinion, the specification provides that, "[n]ormally currency is chosen by default ... [h]owever, the customer has the option of selecting a particular currency (step 112) in which he wants the catalogue price of the selected products." '020 Patent, col. 5, ll. 60-63. This <u>requires</u> that the customer be presented with a currency menu, whether the customer chooses to use the override feature or not. The court's construction therefore meets the "from a menu" claim limitation.

Second, the court declines to reconsider DE's suggestion that the court's construction is incorrect because it does not allow for situations in which there is no default override feature. A motion for reconsideration must not "ask the court to rethink a decision that it has already made." <u>Agere Sys., Inc. v. Broadcom Corp.</u>, 2004 U.S. Dist. LEXIS 17811, *3 (E.D. Pa. 2004) (internal quotations omitted). The court has clearly addressed this issue in its Memorandum Opinion, finding that the language of the specification indicates that a default override feature is required, and therefore will not reconsider this issue. <u>See</u> Mem. Op. at 10-11.

The court concludes that it has not committed a manifest error of law in its claim construction Memorandum Opinion. DE's motion for reconsideration is therefore denied, and the court affirms its construction of the disputed claim terms as, "choosing a language after presentation of a language menu and consideration of user input," and "choosing a currency after presentation of a currency menu and consideration of user input."

3

## II. Motion to Clarify

The court construed "international shipping information," as "any information including at least shipping options and associated costs, related to shipping a product internationally from its point of origination to its point of destination." DE contends that this construction is unclear because the court's construction of this element appears inconsistent with the court's reasoning. Specifically, DE proposes that the court's construction improperly implies that the transaction system must always "obtain information from a database consisting of <u>multiple</u> shipping options and <u>multiple</u> costs." (DE Mot. to Clarify at 1.) According to DE, the court noted that Claim 1 encompasses preferred embodiments in which a customer would not have multiple shipping options and costs.

The court agrees with some, but not all, of DE's arguments regarding the construction of "international shipping information." Having reviewed the claim language, specification, and prosecution history, the court agrees with DE that there are some circumstances in which a customer would not have multiple shipping options and costs. Accordingly, the court construes "international shipping information" as "any information, including at least all available shipping options and associated costs, related to shipping a product internationally from its point of origination to its point of destination."

## III. Conclusion

For the reasons stated, the court denies DE's motion for reconsideration and grants DE's motion for clarification. The court construes the term "international shipping information" as "any information, including at least all available shipping options and associated costs, related to shipping a product internationally from its point of origination to its point of destination." The court's Order

of February 14, 2006, will be amended so as to reflect this modification of the construction of "international shipping information."

The Clerk is directed to send certified copies of this Memorandum Opinion and the accompanying Order to all counsel of record. An Order in conformity will be entered this day.

ENTER: This 21st day of March, 2006.

*[signature]*

United States District Judge