IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DE TECHNOLOGIES, INC., ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 7:04CV00628 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| DELL, INC., ) | By: Hon. Glen E. Conrad |
| ) | United States District Judge |
| Defendant. ) | |

By order entered February 8, 2005, the court referred all pretrial disputes in this case, including discovery issues, to United States Magistrate Judge Pamela Meade Sargent. Defendant filed motions to compel on March 27, 2006 and May 23, 2006, contesting plaintiff's assertion of attorney-client privilege and the work product doctrine in resisting discovery of certain documents. Judge Sargent granted the motions to compel in separate orders on April 11, 2006 and July 14, 2006. The plaintiff has filed timely appeals as to both orders, and both sides have briefed the issue. The parties have agreed to submit the matter to the court on the briefs. Upon consideration of the issues, the court concludes that the orders granting the motions to compel must be vacated.

The facts of the case are set forth in the magistrate judge's July 14, 2006 memorandum opinion. The documents in dispute reflect communications between employees of the plaintiff, DE Technologies, Inc. (DE), and certain third parties. The order of April 11, 2006 dealt with documents reflecting communications between DE and David Files, Larry South, Justin Hendrix, and Korey Mercier. The order of July 14, 2006, and the accompanying memorandum opinion, deal with communications between DE and Hugo Blasdel. DE claims that all of these documents are protected from discovery by the attorney-client privilege or the work product doctrine.

The magistrate judge did not issue a memorandum opinion with regard to the documents associated with Files, South, Hendrix, and Mercier. In connection with her order of July 14, 2006, the magistrate judge issued a memorandum opinion regarding documents associated with Blasdel. In essence, Judge Sargent ruled that Blasdel was not an employee of DE, that he was merely an acquaintance of one of DE's principals, and that there is no indication that the communications memorialized by the documents occurred to facilitate or to assist in the rendition of legal services. Presumably, Judge Sargent's order of April 11, 2006 was based on similar factors. There is no indication that Judge Sargent made an *in camera* review of the documents in question.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 72(a) provides that a party can object to non-dispositive, pretrial orders of a United States Magistrate Judge. Specifically, "[t]he district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). Under this standard of review, "[t]his Court may not substitute its own conclusions for those of the magistrate judge, provided that there is any evidence to support the magistrate judge's finding, and that finding is reasonable." Neighborhood Dev. Collaborative v. Murphy, 233 F.R.D. 436, 440 (S.D. Md. 2005).

## DISCUSSION

The purpose of the attorney-client privilege is to "encourage full and frank communication ... and thereby promote broader public interests in the observance of law and administration of justice." Upjohn Co. v. United States, 449 U.S. 383, 389 (1981). Based upon this principal, the United States Court of Appeals for the Federal Circuit has held that attorney-client privilege applies to

2

communications with counsel made during patent prosecution. See In re the Regents of the Univ. of Cal., 101 F.3d 1386, 1391 (Fed. Cir. 1996).

As recognized by the magistrate judge, some courts have held that, in very limited circumstances, the attorney-client privilege may protect confidential communications between clients or attorneys, and certain third parties. Judge Sargent went on to observe as follows:

> In general, the Fourth Circuit has held that communications with third parties are protected by the attorney-client privilege only if the third party was hired by or worked for an attorney. *See In re Grand Jury Proceedings,* 102 F.3d 748, 752 (4th Cir. 1996); *In re Grand Jury Proceedings,* 947 F.2d at 1190-91. The Fourth Circuit, however, has held that communications between a client and a third party retained by the client are privileged only if the communications were made to facilitate or to assist in the rendition of legal services. *See In re Grand Jury Proceedings,* 947 F.2d at 1190-91.

The court does not read the Fourth Circuit cases to require the existence of an employment relationship in order to support invocation of attorney-client privilege in appropriate cases involving confidential communications with third parties. The United States Court of Appeals for the Eighth Circuit has held that courts should not distinguish between employees on a client corporation's payroll and independent contractors employed by a client corporation for purposes of applying the privilege. *In re* Bieter Co., 16 F.3d 929, 937 (8th Cir. 1994). Bieter involved communications between an attorney and a partnership formed to develop farmland; meetings were attended by an individual who worked with the partnership to develop the land. Id. at 930-31. The Court found that the third party was a representative of the partnership, for the purposes of attorney-client privilege, and concluded that the purpose of attorney-client privilege would be frustrated by limiting the privilege to employees. Id. at 937-38. Instead, the privilege must encompass "nonemployees who, due to their relationship to the client, possess the very sort of information that the privilege envisions flowing most freely." Id. at 938.

3

This court finds the reasoning of the Eighth Circuit instructive, and concludes that the existence of a formal employment relationship is not the primary factor to consider in determining whether attorney-client privilege applies to the Blasdel communications. Like the third party in Bieter, Blasdel was "intimately involved" in achieving DE's chief objective, obtaining a patent. See id. at 938. Blasdel's participation was at the direction of DE, in order to assist attorneys in providing legal services. In addition, communications between Blasdel, DE, and DE's attorneys were made with the expectation of confidentiality. Id. at 939. The court believes that it is especially appropriate to look beyond the existence of a formal employment relationship in those cases involving a small, fledgling company which is compelled by circumstance to rely on compensation in kind, or even prior friendships with consulting specialists, in obtaining information required by the company's attorney in order to provide legal services.[1]

In short, the court is unable to conclude, based on the existing record, that the documents at issue are, or are not, privileged. The court does conclude, however, that resolution of this issue cannot turn solely, or even primarily, on the nature of the employment relationship between DE and the various third parties listed above. In the case of Blasdel, it is just as likely that the consultant was a "functional equivalent" of a DE employee. For these reasons, the court sustains plaintiff's objections to the orders granting defendant's motions to compel. An appropriate order will be entered this day.

The clerk is directed to send certified copies of the Memorandum Opinion and the to all counsel of record.

ENTER: This 1st day of September, 2006.

United States District Judge

---

[1] The record suggests that, some time after Blasdel's services were provided, DE issued stock to Blasdel.

4