# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **DE TECHNOLOGIES, INC.,** ) | |
|     **Plaintiff** ) | |
| ) | |
| **v.** ) | **Civil Action No: 7:04cv00628** |
| ) | |
| **DELL INC.,** ) | **ORDER** |
|     **Defendant** ) | **By: PAMELA MEADE SARGENT** |
| ) | **United States Magistrate Judge** |

This case is before the undersigned on the following motions:

1. The plaintiff's Motion To Compel Production Of Dell's Licensing Related Documents, (Docket Item No. 301);

2. The defendant's Cross Motion For Protective Order, (Docket Item No. 305);

3. The plaintiff's Motion To Compel Rule 30(b)(6) Deposition Of Dell Inc., (Docket Item No 315);

4. The defendant's Cross Motion For Protective Order, (Docket Item No. 330); and

5. The plaintiff's Motion For Sanctions For Discovery Abuse, (Docket Item No. 337).

Oral argument was heard on these motions on October 13, 2006. Having considered the motions and the written and oral arguments and representations of counsel, it is **ORDERED** as follows.

Regarding the plaintiff's Motion To Compel Production Of Dell's Licensing Related Documents, (Docket Item No. 301), and the defendant's Cross Motion For Protective Order, (Docket Item No. 305), only two documents remain at issue. These documents are identified as P-8332 and P-8333 on Dell Inc.'s, ("Dell"), privilege log. By agreement of the parties, these documents were tendered to the undersigned at the October 13 hearing for in camera review. Based on this review, the court finds that these documents are not protected from production based on the attorney-client privilege or work-product doctrine. In particular, on the face of these documents, each recites that the purpose for the standards and policies set forth in the document are "to maximize business value and reduce ... risk ...." The court finds that these documents, while they may have been prepared by counsel, do not appear to have been created for the purpose of providing legal, rather than business, advice. *See Hensen v. Wythe Lab., Inc.*, 118 F.R.D. 584, 587 (W.D. Va. 1987). Also, while these documents contain what may be considered "risk management" information, the documents do not appear to have been prepared in anticipation of litigation. *See Hensen*, 118 F.R.D. at 586-87. Therefore, plaintiff's Motion To Compel Production Of Dell's Licensing Related Documents, (Docket Item No. 301), is **GRANTED**, and the defendant's Cross Motion For Protective Order, (Docket Item No. 305), is **DENIED,** insofar as it is **ORDERED** that these documents be produced to plaintiff's counsel.

Regarding the plaintiff's Motion To Compel Rule 30(b)(6) Deposition Of Dell Inc., (Docket Item No 315), and the defendant's Cross Motion For Protective Order, (Docket Item No. 330), counsel announced at the October 13 hearing that they believed the parties would be able to enter into a stipulation that would resolve the issues raised by these motions. Therefore, it is **ORDERED** that counsel for the parties

shall notify the court by no later than Friday, October 20, 2006, as to whether they have been able to agree on this stipulation and as to the terms of this stipulation.

Regarding plaintiff's Motion For Sanctions For Discovery Abuse, (Docket Item No. 337), the motion is **GRANTED** insofar as it is **ORDERED** as follows:

1. Those documents produced to plaintiff's counsel by Dell on September 25, 2006, and on October 2-4, 2006, may not be used at trial by Dell to support any claim or defense on which it bears the burden without further order of the court.  Should Dell desire to use any of these documents at trial to support any claim or defense on which it bears the burden, Dell shall petition the court to do so by no later than Friday, November 10, 2006;

2. The following potential witnesses identified in Dell's Second Supplemental Initial Disclosures on September 29, 2006, may not be called to testify at trial by Dell to support any claim or defense on which it bears the burden without further order of the court:

   Tony Barnes, Roel Canare, Bee Chin Ch'ng, Margaret Freeman, Boon Hock H'ng, Gerry Jacob, Paul Kenny, Tom McElroy, Giovana Mueller, John Nestor, Pam Norris, Stephen Ong, Jackie Shelton, David Swandt, Rossano Teixeira, David Vignini, E. Lynne Hansman and Jerry Withers.

   Should Dell desire to use any of these witnesses at trial to support any claim or defense on which it bears the burden, Dell shall petition the

court to do so by no later than Friday, October 27, 2006;

3. Dell shall provide to plaintiff's counsel by Friday, October 20, 2006, a supplemental response to plaintiff's Interrogatory No. 23 in the form of a report run from its D3 database containing "clickstream data" which identifies those online purchasers who viewed a Dell webpage containing a country menu.  After reviewing this report, plaintiff may, if necessary, petition the court to reopen the Rule 30(b)(6) deposition of Christo Pattichis. The court has taken under advisement plaintiff's request that such a deposition be taken at Dell's expense;

4. The plaintiff may, if necessary, petition the court to reopen the Rule 30(b)(6) deposition of Eric Cohan regarding the Patent License Agreement and Letter Agreement produced by Dell on October 6, 2006. The court has taken under advisement plaintiff's request that such a deposition be taken at Dell's expense; and

5. The discovery depositions noticed by Dell of the following individuals or corporate entities will not be allowed: Zu Kamal, Shihkar Ghosh, FedEx Corporation and SAP America, Inc. The court's ruling on this issue is based on its finding that counsel for Dell purposely served deposition subpoenas on September 28, 2006, for Zu Kamal, Shikhar Ghosh and a representative of the FedEx Corporation to appear at 9 a.m. the next day, September 29, 2006, in Austin, Texas. It further appears to the court that counsel for Dell purposely served a deposition subpoena on SAP America, Inc., on September 29, 2006, requiring a representative of SAP to appear at 9 a.m. that morning, September 29, in Austin, Texas. At the time Dell's counsel served these subpoenas, counsel knew or

should have known that these subpoenas were not enforceable based upon the distance required to be traveled by the deponents. Dell's attempts to then reschedule these depositions at a later date violate both the terms and the spirit of the court's scheduling order requiring that all discovery, including discovery depositions, be completed by no later than September 29, 2006, in that these depositions were not scheduled beyond this date "due to objections by the third party." Furthermore, Dell has offered the court no explanation which justifies its delay in scheduling these discovery depositions. On the other hand, based on the court's finding that the delay in scheduling the discovery deposition of George Bardos was justified, the deposition of Bardos shall be allowed at a date, time and location to be agreed upon by counsel and the deponent.

The Clerk is directed to send a certified copy of this Order to all counsel of record.

        ENTER: October 17, 2006.

        /s/ *Pamela Meade Sargent*
        UNITED STATES MAGISTRATE JUDGE