# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **DE TECHNOLOGIES, INC.,** )  Plaintiff, ) | ) | Civil Action No.: 7:04cv00628 |
| v. | ) ) | **MEMORANDUM OPINION** |
| **DELL INC.,**  Defendant | ) ) ) | By: PAMELA MEADE SARGENT  United States Magistrate Judge |

This case is before the undersigned on Dell's Expedited Petition And Motion For Reconsideration of this court's October 17, 2006, order, (Docket Item No. 351), ("the Motion"). Argument was heard on the Motion on October 26, 2006, by conference call, and on November 17, 2006. Having considered the Motion and the written and oral arguments and representations of counsel, and based on the reasoning as set out below, the Motion will be denied except insofar as the court will allow Jerry Withers to testify at trial as to the authenticity of certain documents produced by SAP America, Inc., ("SAP"), and relied upon by the defendant's expert witnesses.

*I. Factual Background*

In October 2004, DE Technologies, Inc., ("DE Tech"), filed this suit against Dell Inc., ("Dell"), alleging that Dell has infringed two patents it holds. By order entered February 8, 2005, this matter was originally set for trial on January 23, 2006. (Docket Item No. 22.) Pursuant to this order, all discovery in the case was to be completed by no later than December 9, 2005. Upon joint motion of the parties, an order was entered on August 13, 2005, continuing the trial of this matter until May 8,

-1-

2006. (Docket Item No. 77.) This order also continued the deadline to complete discovery until March 24, 2006. By joint motion filed on February 8, 2006, the parties again requested that the trial of this matter be continued because they would be unable to complete discovery by the March 24, 2006, deadline. (Docket Item No. 161.) By order dated February 13, 2006, the court again continued the trial of this matter to November 6, 2006, and extended the discovery deadline until July 14, 2006. (Docket Item No. 164.)

By joint motion filed on May 11, 2006, the parties sought yet another continuance of the trial of this matter. (Docket Item No. 242.) By order entered May 16, 2006, the trial of the matter was continued until April 30, 2007. (Docket Item No. 243.) This order also extended the deadline to complete fact discovery until September 29, 2006. This order further stated: "Absent extraordinary circumstances, the dates set forth herein shall not be continued." The order also contained a footnote which stated: "[T]he parties may engage in fact discovery with third parties during the time period from September 29, 2006[,] to December 22, 2006, provided that the discovery was served before September 29, 2006[,] but has not yet occurred due to objections by the third party."

On October 5, 2006, DE Tech filed a motion for sanctions against Dell for discovery abuses. (Docket Item No. 337.) This motion was heard before the undersigned by telephone conference call on October 6 and again, in person, on October 13. By this motion, DE Tech sought, among other relief, a court order precluding Dell from deposing several third-party fact witnesses after the September 29, 2006, discovery deadline pursuant to third-party subpoenas issued on or about

September 27, 2006. DE Tech also sought to preclude Dell from using at trial any documents produced to DE Tech on September 25, 2006, or after the September 29, 2006, discovery deadline.

In relation to its motion for sanctions, DE Tech, through the affidavit of its counsel Christopher P. Sullivan, offered evidence that it had received copies of four subpoenas for third-party depositions scheduled to be conducted at counsel's office in Austin, Texas, at 9 a.m., September 29, 2006. (Docket Item No. 337, Attachments 2 and 3.) Each of these subpoenas stated that it had been served by overnight mail delivery. (Docket Item No. 337, Attachment 3, Exhibit A.) Three of these subpoenas were issued on September 27 and, presumably, received on September 28, one day before the scheduled depositions. One of these subpoenas was issued on September 28 and, presumably, not received until the day of the scheduled deposition.

On September 28, 2006, counsel for Dell Matt Wermager sent a letter to counsel for DE Tech Jonathan D. Mutch stating "Dell served multiple subpoenas in the last two days on various third parties, each setting a deposition for tomorrow, Friday, September 29, 2006. At the request of the parties subpoenaed and due to scheduling conflicts with these parties, the depositions will be rescheduled for other dates." (Docket Item No. 337, Attachment 3, Exhibit B.) Wermager identified SAP as one of the parties served with these subpoenas. Despite this statement, Dell now asserts that it did not serve any subpoena on SAP on September 28, 2006, to compel the deposition on September 29, 2006. In response to DE Tech's objection to these depositions being taken after the discovery deadline, Dell's counsel Michael Valek wrote: "...[T]here is no basis for DE Tech's objection to the third[-]party subpoenas

served by Dell prior to the close of fact discovery. To Dell's knowledge, the third parties in question *have not objected to service of these subpoenas, nor have they objected to being deposed.*" (Docket Item No. 359, Attachment 1, Exhibit 3.) (Emphasis added.)

By order entered October 17, 2006, the undersigned ordered that Dell may not use any of the documents it produced to plaintiff's counsel on September 25, 2006, and on October 2-4, 2006, at trial to support any claim or defense on which it bears the burden without further order of the court. (Docket Item No. 350.) This would include the documents that were produced in paper form to DE Tech on October 5, 2006, because Dell intended to use them at the deposition of George Bardos. On October 20, 2006, Dell filed the Motion seeking reconsideration of portions of the undersigned's October 17 order. The Motion seeks reconsideration of the court's October 17 order insofar as it prevents Dell from using documents Bates labeled DELL00291120 to DELL00291177, ("the Documents"), in its case in chief. Arguments on this portion of the Motion were heard by the undersigned by telephone conference call on October 26, 2006, and again, in person, on November 17, 2006. The Motion also seeks reconsideration of that portion of the October 17 order which held that Dell would not be allowed to take the discovery deposition of a representative of SAP after the deadline for completion for discovery. Arguments on that portion of the Motion were heard by the undersigned on November 17, 2006.

DE Tech served its first set of interrogatories on Dell on or about February 8, 2005. Included in this first set of interrogatories was the following:

**INTERROGATORY NO. 14:**
State the factual and/or legal basis for the allegations contained in paragraph 52 of Dell's Answer to Plaintiff's Complaint that the '020 patent is invalid for failure to meet the requirements of the United States Patent Laws, including, but not limited to, 35 U.S.C. § 102, 103, and 112. Identify all documents relating thereto.

(Docket Item No. 43, Attachment 2.) In its response to this interrogatory Dell stated:

> The '020 patent is anticipated and/or obvious in light of SAP R2/R3 and EDI computer-to-computer international transactions that were performed by others prior to the alleged invention associated with the '020 patent.

The response did not identify any documents relating to it. DE Tech served its second set of interrogatories on Dell on or about April 19, 2005. Included in this second set of interrogatories was the following:

**INTERROGATORY NO. 20:**
Identify all factual bases for Defendant's contention that each claim of the DE Technologies Patents is invalid as anticipated and obvious based on prior art pursuant to 35 U.S.C. §§ 102 and 103 including without limitation the basis for Defendant's allegations in paragraph 63 of its Answer to Plaintiff's First Amended Complaint, where Defendant contends each element of each claim of the DE Technologies Patents is found in the prior art, ....

(Docket Item No. 46, Attachment 11). Subject to certain objections raised, Dell responded: "Dell will produce prior art and Dell will produce claim charts that show that the asserted claims of the '020 patent and the '364 patent are invalid under 35 U.S.C. §102 and § 103."

-5-

DE Tech served three separate sets of requests for production of documents on Dell. The first set of requests for production of documents was served by DE Tech on Dell on or about January 5, 2005, and included the following requests:

> **REQUEST NO. 37:**
> All documents and things Defendant contends are prior art to the '020 patent, including all prior art upon which Defendant may rely to show obviousness or anticipation of the '020 patent.
> ...
> **REQUEST NO. 42:**
> All documents and things that Defendant may rely upon to support any contention, if made, that the '020 patent would not have issued but for the misrepresentations or nondisclosures to the PTO.
>
> **REQUEST NO. 43:**
> All documents and things Defendant may rely upon to support any contention, if made, that the '020 patent is unenforceable.
>
> **REQUEST NO. 83:**
> All documents reviewed or relied upon in answering any interrogatory not otherwise produced.

(Plaintiff's First Request For Production Of Documents To Defendant, (Docket Item No. 343, Attachment 3).) The second set of requests for production was served on or about March 17, 2005. The third set of requests for production was served on or about March 22, 2005.

Dell has produced evidence, by way of the affidavit of Jennifer Williams, the litigation support project manager for Dell's counsel, Vinson & Elkins, that the Documents have been available for DE Tech's electronic review on the CaseData

-6-

System since September 2005. (Docket Item No. 343, Attachment 4.) The CaseData System was a special database used by Dell to produce certain electronic documents and information in electronic form to DE Tech in a searchable format. Dell asserts that the Documents were among 542,917 documents produced by Dell in response to DE Tech's production requests using the CaseData System. Dell has produced no evidence that it identified the Documents, or any of the documents provided on the CaseData System, as responsive to any particular discovery request. DE Tech has produced evidence, through the affidavit of its counsel John E. LaPlante that the production of these documents on the CaseData System "did not provide DE Tech []... with the live user interfaces that Dell's own employees use when accessing these documents." (Docket Item No. 359, Attachment 1, Exhibit 5.)

On January 23, 2006, Dell provided DE Tech with its Rule 26(a)(1) Initial Disclosures. (Docket Item No. 351, Attachment 2.) In response to the portion of Rule 26(a)(1) which requires a party to disclose a description, by category and location, all documents, data compilations and tangible things in its possession, custody or control that it may use to support its claims or defenses, Dell identified:

> Prior art of the patents-in-suit, including domestic and foreign patent documents, other printed publications, machines and components thereof, evidence of prior sales, offers for sale and public uses.
> ...
> Documents, data compilations, and tangible things of Dell that Dell may use to support its claims or defenses are available at Dell's Offices at 1 Dell Way, Round Rock, Texas 78682, or at the Austin office of Vinson & Elkins LLP.

No documents were attached to the Initial Disclosures. On April 21, 2006, Dell

provided DE Tech with its First Supplemental Rule 26(a)(1) Initial Disclosures. (Docket Item No. 351, Attachment 3.) The category of documents set out above was again identified. No documents were attached to the supplemental initial disclosures.

With regard to the deposition of SAP, Dell has now produced evidence that it first served a subpoena on SAP on May 26, 2005, for a deposition to occur on June 24, 2005. (Docket Item No. 351, Attachment 5.) This deposition was not conducted as scheduled. It appears from the evidence presented that the deposition was not conducted by agreement of SAP and Dell, to allow SAP additional time to gather the documents responsive to the subpoena. Dell asserts that the deposition did not occur because SAP was unable to comply with the subpoena prior to September 29, 2006. Dell has produced no evidence from SAP to support this allegation. In fact, Dell has not produced any evidence from SAP explaining its failure to comply with the subpoena served on it in a timely manner. Further, at the November 17, 2006, hearing, Dell's counsel admitted that SAP still had not complied with the subpoena, in that it still had not identified a corporate representative to testify on its behalf. Despite SAP's continuing failure to designate a corporate representative to respond to the subpoena, Dell did not seek the assistance of the court to enforce its subpoena prior to the discovery deadline and did not seek permission of the court to conduct the deposition after the discovery deadline.

*II. Analysis*

The district court has "substantial discretion in managing discovery...." *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.,* 43 F.3d 922, 929 (4th Cir. 1995). *See also Ardrey v. United Parcel Service*, 798 F.2d 679, 682 (4th Cir. 1986) (district court has "wide latitude in controlling discovery"). Further, Rule 37 of the Federal Rules of Civil Procedure "gives the district court wide discretion to impose sanctions for a party's failure to comply with its discovery orders." *Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc.,* 872 F.2d 88, 92 (4th Cir. 1989). Also, Rule 37(b)(2) states in pertinent part:

> ...[I]f a party fails to obey an order entered under Rule 26(f), the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
> ...(B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence; ....

FED. R. CIV. P. 37(b)(2). The discovery issues currently before the court were raised in a motion for sanctions pursuant to Rule 37. Nevertheless, it is clear that the court has the authority, pursuant to its power to manage discovery, to decide whether to allow discovery to continue past the court-imposed deadline for completion of discovery and to decide whether to allow the use at trial of documents produced after this deadline.

DE Tech argues that Dell should not be allowed to rely on the Documents at

-9-

trial to support any claim or defense on which it bears the burden because the Documents were not timely produced as required by Federal Rule of Civil Procedure 26(a)(1)(B), nor were they properly identified and produced pursuant to Federal Rule of Civil Procedure 34(b) prior to the discovery deadline. Dell argues that sanctions are inappropriate in that it has not acted in bad faith. Dell further argues that DE Tech will not be prejudiced by allowing Dell to use the Documents or by allowing the requested third-party deposition of a corporate representative of SAP. Dell also argues that prohibiting the use of the Documents and the taking of this deposition is an unwarranted, severe sanction. Based on my review of the evidence and arguments and representations of counsel, I find DE Tech's arguments persuasive, and I will deny the Motion to reconsider my previous order that Dell may not use the Documents at trial to support any claim or defense on which it bears the burden and that Dell may not take the Rule 30(b)(6) deposition of a corporate representative of SAP after the discovery deadline.

With regard to the Documents, Dell argues that Rule 26 does not require it to produce the specific documents on which it intends to rely. Dell also argues that, pursuant to Rule 34, the Documents were produced to DE Tech by making the documents available for inspection, as they were kept in the ordinary course of business, nearly a year ago. Dell correctly argues that the initial disclosure required by Rule 26 does not require the production of the documents upon which a party intends to rely. Instead, in lieu of production, Rule 26 allows a party to provide "a description by category and location of, all documents, ... that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment." Arguably, Dell complied with

Rule 26 when it served its initial disclosures on DE Tech in January 2006, describing by category and location certain "prior art" documents.

That disclosure, however, did not relieve Dell of its obligation to actually produce the Documents in response to specific discovery requests. Rule 34, prior to December 1, 2006, stated:

> A party who produces documents for inspection shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the request.

FED. R. CIV. P. 34. Rule 34 does not explain what it means to produce documents "as they are kept in the usual course of business," and there is little case law to guide the courts. *See Cardenas v. Dorel Juvenile Group, Inc.,* 230 F.R.D. 611, 618 (D. Kan. 2005). Furthermore, under Rule 34, a party who chooses the option to produce documents as kept in the ordinary course of business bears the burden of showing that the documents were, in fact, produced in that manner. *See Cardenas*, 230 F.R.D. at 618.

Effective December 1, 2006, Rule 34 has been amended to provide for production of "electronically stored information." The amended rule provides that "if a request for electronically stored information does not specify the form or forms of production, a responding party must produce the information in a form or forms in which it is ordinarily maintained or in a form or forms that are reasonably usable...." Fed. R. Civ. P. 34(b)(ii). Again, the amended rule does not explain what is meant by "in a form or forms in which it is ordinarily maintained." *See Williams v.*

*Sprint/United Mgmt. Co.,* 230 F.R.D. 640, 649 (D. Kan. 2005). The Committee Note to Rule 34(b), however, does state:

> ... Rule 34(b) provides that a party must produce documents as they are kept in the usual course of business or must organize and label them to correspond with the categories in the discovery request. The production of electronically stored information should be subject to comparable requirements to protect against deliberate or inadvertent production in ways that raise unnecessary obstacles for the requesting party. Rule 34(b) is amended to ensure similar protection for electronically stored information.

As outlined above, DE Tech served at least two interrogatories and four requests for production which, based on the parties' representations as to the nature of the Documents, should have solicited the production of the Documents. Dell's counsel, in fact, has admitted as much, in that counsel has admitted that the Documents were produced in response to Dell's discovery requests in 2005. The evidence provided to the court, as well as the admissions of counsel, however, show that, while the Documents were kept in electronic form and were produced in electronic form, they were not produced as "kept in the ordinary course of business." Nor were they produced as "ordinarily maintained." In particular, the Documents were not made available as they were kept, organized and used by Dell on its internal computer system. Instead, these document were downloaded onto a specially created electronic database. The evidence before the court, as well as the admissions of counsel, show that, while the documents as provided on this database were in a word searchable format, they were not organized in any way responsive to DE Tech's discovery requests. That being the case, I find that DE Tech had no notice that these particular documents would be relied upon by Dell to support its claim that its patents

were invalid as anticipated and obvious based on prior art until these documents were specifically produced by Dell after the discovery deadline.

With regard to Dell's request to take the Rule 30(b)(6) deposition of a corporate representative of SAP after the discovery deadline, I find that Dell's own evidence, in the form of Valek's letter, shows that this third-party deposition was not scheduled beyond the discovery cutoff because of "objections by the third party." Instead, it appears that Dell simply failed to reschedule this third-party deposition prior to the discovery deadline. Dell argues that the deposition could not be taken before the discovery deadline because SAP had not – and, in fact, still has not – identified the corporate representative knowledgeable on the topics to be addressed. Nevertheless, Dell has produced no evidence from SAP to show that this delay has been necessary or reasonable. Furthermore, Dell did not seek the court's assistance in any way in an effort to obtain this third-party deposition before the discovery deadline. That being the case, I find no reason to extend the September 29, 2006, discovery deadline to allow the Rule 30(b)(6) deposition of a yet unnamed corporate representative of SAP.

The Motion will be granted insofar as the court will allow Jerry Withers of SAP to testify at trial as to the authenticity of certain documents produced by SAP and relied upon by the defendant's expert witnesses and timely revealed to DE Tech in Dell's expert witness reports.

### III. Conclusion

Based on the above-stated reasons, the court will deny the Motion except

-13-

insofar as the court will allow Jerry Withers to testify at trial as to the authenticity of certain documents produced by SAP and relied upon by the defendant's expert witnesses.

DATED: December 4, 2006.

/s/ *Pamela MeadeSargent*
UNITED STATES MAGISTRATE JUDGE

-14-