IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 1 2 2007

JOHN F. CORCORAN, CLERK
BY: _____
DEPUTY CLERK

DE TECHNOLOGIES, INC.,      )
                            )
            Plaintiff,      )      Civil Action No. 7:04CV00628
                            )
v.                          )      **MEMORANDUM OPINION**
                            )
DELL, INC.,                 )      By: Hon. Glen E. Conrad
                            )      United States District Judge
            Defendant.      )

This case is before the court on an Objection to an Order imposing sanctions on Dell, Inc.

("Dell"), issued by United States Magistrate Judge Pamela Meade Sargent on October 17, 2006. The

Magistrate Judge subsequently issued a Memorandum Opinion denying Dell's Motion for

Reconsideration in part. Meanwhile, Dell filed an Objection with this court, and the parties briefed the

issues. The court held a hearing on December 18, 2006. Upon review of the parties' briefs, the

arguments made at the hearing, and the Order and Memorandum Opinion of the Magistrate Judge, the

court concludes that the Order and Memorandum Opinion must be affirmed in part and modified in

part.

On October 17, 2006, the Magistrate Judge issued an Order involving a number of discovery

motions. Dell filed a Motion for Reconsideration, and the Magistrate Judge issued a Memorandum

Opinion on December 4, 2006. In her Opinion, the Magistrate Judge ruled that Dell could not use

certain documents at trial, and could not take the Rule 30(b)(6) deposition of a corporate representative

of SAP America, Inc. ("SAP") after the discovery deadline.

The pertinent facts of this case and the particular matters at issue have been set forth by the

Magistrate Judge's December 4, 2006, Memorandum Opinion. There are currently two remaining

portions of the Magistrate Judge's ruling to which Dell objects: (1) the prohibition upon Dell from taking the deposition of a corporate representative of SAP; and (2) the prohibition upon Dell from using 57 pages of "validity-related" documents, Bates labeled DELL00291120 to DELL00291177, at trial.[1]

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 72(a) provides that a party can object to non-dispositive, pretrial orders of a United States Magistrate Judge. Specifically, "[t]he district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). Under this standard of review, "[t]his Court may not substitute its own conclusions for those of the magistrate judge, provided that there is any evidence to support the magistrate judge's finding, and that finding is reasonable." Neighborhood Dev. Coal. v. Murphy, 233 F.R.D. 436, 440 (S.D. Md. 2005) (citing Tri-Star Airlines, Inc. v. Willis Careen Corp., 75 F. Supp. 2d 835, 839 (W.D. Tenn. 1999)).

## DISCUSSION

### A.      The Documents

The court concludes that the Magistrate Judge's Order and Opinion prohibiting Dell from using the 57 documents at issue must be modified. In doing so, the court notes that the Magistrate Judge is correct in her analysis of this sanction as a remedy pursuant to Federal Rule of Civil Procedure 37(b),

---

[1] A third issue originally included in Dell's objection, whether witness Jerry Withers could testify at trial to authenticate documents previously produced by SAP, has been withdrawn as the result of the Magistrate Judge's December 4, 2006 Memorandum Opinion allowing the testimony.

2

rather than as a sanction that must be evaluated under the test set forth in <u>Mutual Federal Savings and Loan Ass'n v. Richards & Associates</u>, 872 F.2d 88, 92 (4th Cir. 1989).

Dell claims that the documents requested by DE Technologies, Inc. ("DE") have been produced as part of the approximately 543,000 documents given to DE in electronic, searchable form. The documents requested by DE were made available in a document review system called CaseData. Dell exported documents from its Inside Online Public Share of Information ("pub share") system and DRSS pub-share system, which utilize an electronic directory structure. CaseData does not have a live electronic directory, but does allow documents to be searched electronically.

In her Memorandum Opinion, the Magistrate Judge concluded that Dell was prohibited from using at trial the 57 documents in question. She noted that Dell did not produce evidence that it identified the documents as being the response to a discovery request, and that the CaseData system did not supply DE with same resources Dell employees had to access included documents. This court is constrained to conclude, however, that Dell provided the documents in a way that fulfilled all of its discovery obligations to DE.

First, as the Magistrate Judge noted, the disclosure of the documents complied with Federal Rule of Civil Procedure 26. Rule 26 states that a party can provide "a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses ...." Fed. R. Civ. P. 26(a)(1)(B). The Magistrate Judge found that Dell fulfilled this obligation when it served its initial disclosures on DE in January of 2006, identifying "prior art" documents by category and location.

3

The next issue is whether Dell fulfilled its obligations under Federal Rule of Civil Procedure 34. That rule, as recently amended, provides that:

> (i)   a party who produces documents for inspection shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the request;
>
> (ii)  if a request does not specify the form or forms for producing electronically stored information, a responding party must produce the information in a form or forms in which it is ordinarily maintained or in a form or forms that are reasonably usable ....

Fed. R. Civ. P. 34(b) (amended Dec. 1, 2006). Although the amendments did not take effect until after this discovery dispute arose, they were pending at the time the dispute occurred, and provide instruction as to forms of electronic discovery. Williams v. Sprint/United Mgmt. Co., 230 F.R.D. 640 (D. Kan. 2005) (referring to the amendments and noting that they were approved on September 20, 2005 by the Judicial Conference, and were transmitted to the Supreme Court for approval).

Dell has asserted that it fulfilled the first part of Rule 34 by producing the documents as they were kept in the usual course of business. Although there is little case law to inform the court as to the meaning of this requirement, the court concludes that Dell's production was appropriate. The court finds that Dell did not produce the documents in exactly the same format as they were kept, and the produced format did not allow for "live user interfaces." However, Rule 34 does not necessarily require that documents be produced in an identical format. For instance, other courts have concluded that electronic information can be produced in hard copy format. See Northern Crossarm Co. v. Chem. Specialties, Inc., 2004 U.S. Dist. LEXIS 5381 (W.D. Wis. 2004) (quoted in India Brewing, Inc. v. Miller Brewing Co., 237 F.R.D. 190, 194 (E.D. Wis. 2006)). Dell produced the information at issue electronically; the primary difference between the produced information and the way the information was kept by Dell was that the produced information did not have a live electronic directory. By DE's

4

own admission, however, the documents were searchable. The court concludes that the information produced to DE satisfied the requirement that it was produced as kept in the usual course of business. Moreover, the searchable format was more helpful to DE than a hard copy of the information would have been.

The court also concludes that the information was produced in a manner that was reasonably useable. As the Magistrate Judge concluded, and as DE has admitted, the documents could be searched on the database. This was sufficient to allow DE to use the material and determine which documents were responsive to its requests.

Finally, the court notes that if DE was dissatisfied with the CaseData format for Dell's production of requested materials, it could have filed a motion to compel. DE's Reply in Opposition notes several instances in which DE complained about the CaseData system. However, after a rigorous review, the court is unable to find any indication that it has issued an order regarding the 57 documents in question or the CaseData format of production, and DE does not assert that it filed such a motion. As the United States Court of Appeals for the Fourth Circuit has noted, "Rule 37(b) sanctions apply only to violations of a court order to permit or provide discovery, or one in regard to a discovery conference." Buffington v. Baltimore County, 913 F.2d 113, 133 n.15 (4th Cir. 1990). Furthermore, a motion to compel is a more appropriate reaction when a party is dissatisfied with a discovery response. Hartz and Co. v. Prod. Control Info. (PCI) Ltd., 1995 U.S. App. Lexis 32063 (4th Cir. 1995) (citing Buffington, 913 F.2d at 133). The fact that DE did not take this intermediate step further supports the court's conclusion that sanctions against Dell, as to the 57 documents in question, are not appropriate.

5

**B.    SAP Deposition**

In regards to Dell's request to take the deposition of a corporate representative of SAP after the discovery deadline, the court agrees with the Magistrate Judge that the live deposition cannot be taken. The court shares the Magistrate Judge's concern that Dell did not seek the court's assistance with this matter at a point before the discovery deadline. However, the court notes that the scope of the information being sought is extremely limited, and therefore concludes that Dell may take a deposition by written questions of the corporate representative, making only the two very limited inquiries discussed at the hearing. See Fed. R. Civ. P. 31.

## CONCLUSION

For the reasons stated above, the Order and Memorandum Opinion of the Magistrate Judge will be modified in part and affirmed in part. Dell will be permitted to make use of the 57 documents at issue, as the court concludes that Dell produced the documents in an appropriate form to DE before the discovery deadline. The court concludes that a live deposition of a corporate representative of SAP will not be allowed after the discovery deadline. However, Dell will be permitted to engage in deposition by written questions as to the two very specific inquiries stated at the hearing.

The Clerk is directed to send certified copies of this Memorandum Opinion and the accompanying Order to all counsel of record and to the Honorable Pamela Meade Sargent, United States Magistrate Judge, Abingdon, Virginia.

ENTER: This 12 day of January, 2007.

_____
United States District Judge

6