# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA

| | | |
|---|---|---|
| DE TECHNOLOGIES, INC., | ) | |
| Plaintiff, | ) ) ) | Civil Action No: **7:04-cv-00628** |
| v. | ) ) ) | Judge **Glen E. Conrad** |
| DELL INC., | ) ) ) | Magistrate Judge Pamela Sargent |
| Defendant. | ) ) ) | |

### DELL INC.'S MOTION TO STRIKE PORTIONS OF THE
### REBUTTAL EXPERT REPORT OF MR. JAMES T. CARMICHAEL

Dell Inc. ("Dell"), pursuant to Federal Rules of Evidence 702, 703, 704, and 402, respectfully requests that the Court strike portions of the Rebuttal Expert Report of James T. Carmichael (the "Report") that purport to opine on DE Tech's subjective intent, knowledge, or state of mind during the patent application process, and bar Mr. Carmichael from testifying on this subject matter at trial.

## I.
## INTRODUCTION

DE Technologies, Inc. ("DE Tech") submitted the Report (attached hereto without exhibits as Exhibit A), which contains unsubstantiated and speculative opinions that are well outside of Mr. Carmichael's alleged area of expertise. Mr. Carmichael's claimed expertise is in the "practice, procedure, and terminology in the U.S. Patent and Trademark Office" and related technical and legal matters. (*See* Report at p. 5.) In the Report and in his deposition, however, Mr. Carmichael offered his opinion on the subjective intent, knowledge, or state of mind of DE Tech, Doug Mauer, and/or Ed Pool (collectively "DE Tech") at the time DE Tech applied for the

Patents in Suit. (*Id.* at p. 30.) The portions of the Report containing these opinions are inadmissible under Federal Rules of Evidence 702, 703, 704, and 402, as well as under the standard for admissibility of expert testimony enunciated by the Supreme Court in *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 597 (1993).

## II.
## BACKGROUND

Dell contends in its affirmative defenses and by counterclaim that the Patents in Suit are unenforceable because of DE Tech's inequitable conduct before the U.S. Patent and Trademark Office (the "PTO"). A party asserting inequitable conduct must show: (1) the materiality of the information withheld by the patent applicant; and (2) an intent to deceive the patent office on the part of the patent applicant. *Dayco Products, Inc. v. Total Containment, Inc.,* 329 F.3d 1358, 1362 (Fed. Cir. 2003). DE Tech has offered Mr. Carmichael's Report in response to Dell's averment of inequitable conduct. While much of Mr. Carmichael's Report concerns the materiality of the information that DE Tech failed to provide to the PTO, portions of it speak exclusively to the intent element. Mr. Carmichael considers DE Tech's subjective intent, knowledge, or state of mind when it applied for a patent to be an important part of his expected testimony. (*See* Report at 30.)

Mr. Carmichael is prepared to testify as an expert on the subjective intent, knowledge, or state of mind of DE Tech in its interaction with the PTO. In fact, Mr. Carmichael considers himself to be an "expert on intent." (*See* Deposition Transcript of James T. Carmichael at p. 69:20-22 (January 11, 2007), attached hereto as Exhibit B.) Mr. Carmichael bases his purported expertise on his education, training, and experience. (*Id.* at pp. 69:24-70:22.) But Mr. Carmichael's only alleged education regarding the ability to decipher an individual's subjective intent is a few psychology courses while attending Yale. (*Id.* at p. 72:6-9.) His training and

expertise on the subject are similarly insufficient to render him an expert. (*Id.* at pp. 69:24-73:5.) Mr. Carmichael acknowledges that he is not skilled in the art of mind reading: "I wouldn't consider myself an expert in mind reading or anything like that." (*Id.* at p. 72:9-10.) Yet, this is precisely the reason Mr. Carmichael's opinion is offered – to read the mind of DE Tech at the time it submitted affidavits to the PTO.

Mr. Carmichael apparently considers himself an expert on subjective intent generally and, more specifically, on DE Tech's subjective intent in this case. His opinions on intent, however, are legally inadmissible for a variety of reasons. The Court should strike the portions of the Report that opine on DE Tech's subjective knowledge, intent, or state of mind during the patent prosecution and bar Mr. Carmichael from testifying on this subject matter at trial.

## III.
## ARGUMENT AND AUTHORITIES

A. **Mr. Carmichael's Opinion on Intent is Inadmissible.**

   1. **Inferences about the intent or motives of a party lie outside the bounds of expert testimony.**

Experts are not permitted to opine regarding a party's state of knowledge or motivation. *See Tunnel v. Ford Motor Co.*, 330 F. Supp. 2d 707, 728-29 (W.D. Va. 2004) (excluding expert opinion that Ford Motor Company knew of the danger of crash damaged wires and the availability of battery disconnect systems to eliminate the hazard). Speculation regarding the state of mind and motivations of parties are inadmissible and outside the bounds of expert testimony. *Highland Capital Mgmt, L.P. v. Schneider*, 379 F. Supp. 2d 461, 469-70 (S.D.N.Y. 2005); *see also In re Rezulin Products Liab. Litig.*, 309 F. Supp. 2d 531, 545-547 (S.D.N.Y. 2004) (precluding the expert opinion evidence of alleged motive, intent, and state of mind of others); *In re Diet Drugs Products Liab. Litig.*, No. MDL 1203, 2000 WL 876900, at *9 (E.D. Pa. June 20, 2000) (excluding expert testimony regarding the corporate intent of Defendant);

3

*DePaepe v. General Motors Corp.*, 141 F.3d 715, 720 (7th Cir. 1998) (precluding expert testimony on motive); *Taylor v. Evans*, No. 94 Civ. 8425 (CSH), 1997 WL 154010, at *2 (S.D.N.Y. April 1, 1997) (same). Regardless of the quality of an expert's credentials, he is not permitted to speculate. *Goebel v. Denver and Rio Grande W. R.R. Co.*, 215 F.3d 1083, 1088 (10th Cir. 2000). The legal precedent is clear: Mr. Carmichael's proffered testimony on intent is clearly outside the bounds of expert testimony.

### 2. Expert opinions on intent are not helpful to the trier of fact.

An opinion on subjective intent from an expert who was not present at the time of the events in question is not helpful to the trier of fact because the proposed expert does not have personal knowledge of the subjective intent at issue. *Safeway, Inc. v. Sugarloaf P'ship, LLC*, 423 F. Supp. 2d 531, 538 (D. Md. 2006). If an individual possesses such personal knowledge, the individual's appropriate role would be as a fact witness, not an expert witness. *Id.* Expert testimony on subjective intent is improper because it describes "lay matters which a jury [or judge as a trier of fact] is capable of understanding and deciding without the expert's help." *In re Rezulin*, 309 F. Supp. 2d at 546 (internal citations omitted). Mr. Carmichael's views on DE Tech's subjective intent during its interactions with the PTO would not be helpful to the jury because Mr. Carmichael does not have personal knowledge of DE Tech's subjective intent when it interacted with the PTO.

### 3. Expert opinions on intent invade the province of the trier of fact.

The question of subjective intent is a classic question for ultimate determination by the trier of fact and is not one for an expert. *In re Rezulin*, 309 F. Supp. 2d at 547; *see also In re Diet Drugs*, 2000 WL 876900 at *9 (same). "While an expert may give an opinion on an issue of fact within the jury's province, 'he may not give testimony stating ultimate legal conclusions based on those facts.'" *Taylor*, 1997 WL 154010 at *2 (internal citations omitted). Mr.

4

Carmichael attempts to opine as to the ultimate conclusion with respect to the inequitable conduct claim against DE Tech. This opinion clearly invades the province of the trier of fact.

**B.     Mr. Carmichael's Opinion does Not Satisfy the Legal Standard Set Forth in *Daubert*.**

    **1.     Expert opinions must satisfy the *Daubert* standard.**

Even if experts were permitted to opine on the subjective intent of an individual, which they are not, Mr. Carmichael's proffered testimony on intent still must be excluded. In deciding whether to admit expert testimony, the district court "must ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." *United States v. Forrest*, 429 F.3d 73, 80 (4th Cir. 2005) (quoting *Daubert*, 509 U.S. at 589). As the party offering expert testimony, DE Tech has the burden to show that its proffered evidence is both relevant and scientifically valid before it may be properly admitted at trial. *Daubert*, 509 U.S. at 592.

In *Daubert*, the Supreme Court enunciated certain factors that trial courts should consider when assessing the reliability of expert testimony: "(1) whether the particular scientific theory 'can be (and has been) tested'; (2) whether the theory 'has been subjected to peer review and publication'; (3) the 'known or potential rate of error'; (4) the 'existence and maintenance of standards controlling the technique's operation'; and (5) whether the technique has achieved 'general acceptance' in the relevant scientific or expert community." *United States v. Crisp*, 324 F.3d 261, 266 (4th Cir. 2003) (citing *Daubert*, 509 U.S. at 594-94).

Rather than providing an exhaustive list, *Daubert* merely illustrates the kind of factors that will bear on the inquiry. *Crisp*, 324 F.3d at 266. Put simply, the district court's obligation is to determine whether proffered expert testimony "is grounded in objective underlying scientific methodology as opposed to mere speculation or conjecture." *Tunnell*, 330 F. Supp. 2d at 714 (citing *Daubert*, 509 U.S. at 589-90). Expert "knowledge" requires "more than subjective belief

5

or unsupported speculation." *Daubert*, 509 U.S at 590. Unsubstantiated or speculative expert testimony is not evidence and should not be presented to the trier of fact. *Id*.

### 2. Determining an individual's intent is outside Mr. Carmichael's area of expertise.

A court should exclude proffered expert testimony if the subject of the expert's testimony lies outside of his area of expertise. *In re Diet Drugs*, 2000 WL 876900, at *6. While Mr. Carmichael might be qualified in particular disciplines, these disciplines do not include psychology, psychiatry or, more to the point, the art of reading minds. Mr. Carmichael, himself, acknowledges this fact. (*See* Exhibit B at p. 72:9-10.) Evidence of intent may be admissible through other direct and circumstantial means, but Mr. Carmichael has no qualifications to testify as to the subjective intent of an individual. Such testimony is unreliable.

### 3. Mr. Carmichael's unsupported leap to his conclusion on intent is neither scientifically sound nor is it able to be scientifically tested.

The purported scientific technique that Mr. Carmichael used to discern DE Tech's subjective intent was to "evaluate[] all of the facts and circumstances, including the allegations of impropriety . . . *to infer* the lack of a deceptive intent . . . ." (*Id*. at p. 160:3-16) (emphasis added). Mr. Carmichael opines on the subjective intent of an individual who he met hours before his deposition for this matter. (*Id*. at pp. 70:23-71:13.) Based on this conversation, as well as Mr. Carmichael's study of the materials in this matter, his previous role at the PTO, and his role as a clerk for a federal judge, Mr. Carmichael considers himself to be an "expert on intent." (*Id*. at pp. 67:19-73:5.) It is this purported expertise that Mr. Carmichael relies upon to leap to the conclusion that DE Tech's inventors did not intend to deceive the PTO. This unsupported leap does not constitute a scientifically sound conclusion. Further, there is no appropriate scientific

methodology to measure the reliability of Mr. Carmichael's opinions on DE Tech's subjective intent.

### 4. Mr. Carmichael's opinion on intent utterly fails the *Daubert* Standard.

Mr. Carmichael's purported scientific theory used to reach his conclusions on intent cannot be tested. His theory on intent has never been subjected to peer review and publication. His theory on intent does not have a known or potential rate of error. Standards controlling his purported scientific theory on intent do not exist. Further, his theory has not achieved acceptance in the scientific community. Mr. Carmichael's proffered opinion on DE Tech's intent is grounded in conjecture and speculation as opposed to objective underlying scientific methodology. As a result, Mr. Carmichael's opinion on intent does not satisfy *Daubert* and is inadmissible.

## IV.
## CONCLUSION

For the foregoing reasons, the court should strike from the Rebuttal Expert Report of James T. Carmichael all opinions concerning the subjective knowledge, intent or state of mind of DE Tech during the prosecution of its patent and bar Mr. Carmichael from testifying on such subject matters at trial.

Date: January 31, 2007.

DELL INC.

By its attorneys,

   /s/ Michael A. Valek

William R. Rakes (VSB No. 3481)
GENTRY LOCKE RAKES & MOORE LLP
800 Suntrust Plaza
10 Franklin Road, S.E.
Roanoke, VA 24022-01003
Telephone: (540) 983-9374
Fax:       (540) 983-9400

Willem G. Schuurman (TX Bar 17855200)
Roderick B. Williams (TX Bar 21573700)
Christopher V. Ryan (TX Bar 24037412)
Michael A. Valek (TX Bar 24044028)
VINSON & ELKINS LLP
2801 Via Fortuna, Suite 100
Austin, TX 78746-7568
Telephone: (512) 542-8400
Fax:       (512) 236-3422

John M. Faust (VSB 37598)
VINSON & ELKINS LLP
1455 Pennsylvania Avenue, N.W., Suite 600
Washington, DC 20004
Telephone: (202) 639-6500
Fax:       (202) 879-8927

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA

|  |  |  |
|---|---|---|
| DE TECHNOLOGIES, INC., ) | | |
| Plaintiff, ) | Civil Action No: | **7:04-cv-00628** |
| ) | | |
| v. ) | Judge | **Glen E. Conrad** |
| ) | | |
| DELL INC., ) | Magistrate Judge Pamela Sargent | |
| Defendant. ) | | |

## CERTIFICATE OF SERVICE

I hereby certify that on January 31, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel for all parties.

        William B. Poff (VSB No. 03477)
        Matthew P. Pritts (VSB No. 34628)
        James R. Creekmore (VSB No. 36246)
        WOODS ROGERS PLC
        10 South Jefferson Street, Suite 1400
        Roanoke, VA 24038-4125
        Telephone: (540) 983-7649
        Fax: (540) 983-7711

        Christopher P. Sullivan
        David E. Marder
        Marc N. Henschke
        Jonathan D. Mutch
        Robins, Kaplan, Miller & Ciresi L.L.P.
        800 Boylston Street
        25th Floor
        Boston, MA 02199-7610
        Telephone: (617) 267-2300
        Fax: (617) 267-8288

        __/s/ Michael A. Valek___
        Michael A. Valek

Austin 793436v.1