# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| DE TECHNOLOGIES, INC. | ) | Civil Action No: 7:04-CV-00628 |
| Plaintiff, | ) | |
| v. | ) | **Judge Glen E. Conrad** |
| DELL, INC. | ) | Magistrate Judge Pamela M. Sargent |
| Defendant. | ) | |

## DE TECHNOLOGIES, INC.'S OPPOSITION TO DELL INC.'S MOTION TO STRIKE PORTIONS OF THE REBUTTAL EXPERT REPORT OF MR. JAMES T. CARMICHAEL

Plaintiff DE Technologies, Inc. ("DE Tech") submits this memorandum in opposition to Defendant Dell Inc.'s ("Dell") Motion to Strike Portions of the Rebuttal Expert Report of Mr. James T. Carmichael (the "Motion"). Dell's Motion has no legal basis and appears to have been filed in an attempt to distract the Court from the substantial issues presented by DE Tech in its filings with the Court. Dell's Motion is senseless in that Carmichael's report contains no opinion about the inventors' subjective intent or any other opinions about their knowledge or subjective state of mind. There is simply nothing to strike.

Carmichael spoke about intent only in response to questions from Dell's lawyers during his deposition of January 11, 2007. In response to Dell's questions, Carmichael testified about the lack of evidence to support a finding of intent to deceive. Dell should not be heard to complain about testimony that it purposefully solicited. Nonetheless, if Carmichael were to testify about whether the inventors intended to deceive the PTO with respect to the issue of

- 1 -

inequitable conduct, he would be well qualified. For the reasons set forth more fully below, DE Tech respectfully request that the Court deny Dell's Motion in its entirety.

## I. INTRODUCTION

Dell's Motion begins by generally criticizing Carmichael's expert report (the "Report") on the issue of the inventors' alleged inequitable conduct as "unsubstantiated," "speculative" and outside of Carmichael's area of expertise. While Dell admits that much of the Report concerns the materiality of the information that the inventors allegedly failed to disclose to the PTO, Dell also accuses Carmichael of rendering an opinion on the subjective intent of the inventors during prosecution of the patents-in-suit.

Dell cites to a single page of the Report (page 30) in support of its accusation that Carmichael considers the inventors' subjective intent, knowledge, or state of mind when they applied for a patent application to be an important part of his expected testimony. A review of the Report, however, offers no support for Dell's position. (*See* Rebuttal Expert Report of James T. Carmichael attached to the Declaration of Graham E. Sutliff ("Sutliff Decl.") as Ex. A, p. 30, Docket Item No 402). In fact, on page 30 of the Report, Carmichael discusses Dell's own expert's failure to address the fundamental "knowledge" requirement of establishing a breach of the duty of disclosure, not his own views on intent. The Report reads in relevant part:

> Mr. Mossinghoff also fails to address a fundamental requirement of establishing a breach of the duty of disclosure in these circumstances: that a particular individual knew that the undisclosed systems were material to patentability. Under PTO policy and procedure, 'the duty of an individual to disclose information is based on the knowledge of that individual that the information is material to patentability.' *Mr. Mossinghoff does not address this requirement.*

(*See* Report at p. 30). (Emphasis added). The subject of intent did not arise until Carmichael's deposition when he was questioned about whether he was offering an opinion on the intent element of inequitable conduct to which he replied that he had not seen any evidence of any such

- 2 -

conduct. (Deposition of James T. Carmichael ("Carmichael Depo."), Sutliff Decl., Ex. B, pp. 67:19-68:3, Docket Item No 402). When asked to state the basis for his opinion, Carmichael described his extensive career and experience in determining the issue of intent to deceive as an attorney in the Office of the Solicitor at the U.S. Patent and Trademark Office ("PTO"). It is this testimony solicited by Dell itself that Dell objects to, even though Carmichael makes no reference to intent in his expert report of December 1, 2006.

Nonetheless, even if Carmichael were to testify about the inventors' subjective intent with respect to the issue of inequitable conduct, he is qualified to do so under *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993) based upon his education, training and experience. Indeed, Carmichael's professional experience includes the prosecution of attorneys accused of misconduct before the PTO where he exercised his prosecutorial discretion in determining intent based upon the evidence of record, as well as knowledge of PTO procedures and patent practice. (Carmichael Depo. at p. 70). Carmichael also reviewed hundreds of pending applications at the PTO in order to evaluate and determine whether applicants were intending to deceive the PTO by failing to disclose information or by making misrepresentations to the PTO. (*Id*.). And, Carmichael prosecuted hundreds of applications including dealing with declarations pursuant to C.F.R. Sect. 1.131 and Sect. 1.132. (*Id*. at p. 72). Finally, Carmichael evaluated all the facts and circumstances in the instant case, including reviewing the Sect. 1.131 Declaration of Ed Pool (the "Pool Declaration"), the supporting declaration of Doug Mauer (the "Mauer Declaration"), related depositions, among other materials cited in his report and applying the applicable PTO procedures and patent practice obtained through his education, training, and experience to infer the lack of a deceptive intent on the part of the inventors. (Carmichael Depo. at p. 160). Carmichael has also been accepted as a qualified expert in other U.S. district courts. (*See*

Report).  Under *Daubert* and other relevant case law, Carmichael's testimony is reliable and admissible.

Accordingly, Dell's Motion is not only a waste of the Court's time but borders on the frivolous and should be denied.

## II. ARGUMENT

### A. Carmichael is Qualified to Render an Opinion Regarding whether the Inventors Intended to Deceive the PTO with Respect to the Issue of Inequitable Conduct

Dell asserts that Carmichael's opinion does not satisfy the legal standard set forth in *Daubert* (Motion p. 5).  Dell's argument confuses what is required of DE Tech's expert to determine the reliability of his opinion.

In *Daubert*, the United States Supreme Court set out the requirements for admissibility for expert testimony under Federal Rule of Evidence 702.[1]  *Daubert*, 509 U.S. at 592-93.  The court enunciated several factors that trial courts should consider in determining reliability, including several of the factors cited in Dell's Motion.  (*Id.*).  The Supreme Court explained in *Kumho Tire Co., Ltd., v. Carmichael,* 526 U.S. 137, 153-54 (1999), that a trial judge is not required to consider the *Daubert* factors in every case in which the admissibility of expert testimony has been challenged.  (*Id.*).  The Supreme Court recognized that judges possess "latitude in deciding how to test an expert's reliability, and to decide whether or when special briefing or other proceedings are needed to investigate reliability." (*Id.* at 152-154).  Thus, even after *Daubert*, treating physicians often are allowed to express their opinions as to the causes of an injury, based on their training and experience, even though none of the *Daubert* factors may support the admission of such evidence.  *See, e.g., Santoro v. Signature Constr., Inc.*, 2002 U.S.

---

[1] Federal Rule of Evidence 702 provides, in relevant part, that a witness who is qualified by knowledge, skill, experience, training or education may testify in the form of opinion or otherwise as to scientific, technical or other specialized knowledge.  *See* Fed. R. Evid. 702.

- 4 -

Dist. LEXIS 17286 (S.D.N.Y. 2002); *accord*, *Figueroa v. Boston Sci. Corp.*, 254 F. Supp. 2d 361, 366 (S.D.N.Y. 2003).

In order to show reliability in this case, Carmichael need only demonstrate that he possesses the requisite knowledge, skill, experience, training, or education to competently testify on the matters he intends to address. *Santoro,* 2002 U.S. Dist. LEXIS 17286. Carmichael's qualifications and relevant experience in patent prosecution and determination of deceptive intent are significant. During his extensive career with the PTO, Carmichael reviewed hundreds of pending applications to determine intent and misrepresentation to the PTO. Carmichael's experience is also extensive in the prosecution of attorneys accused of misconduct before the PTO where intent was an issue. Carmichael also reviewed hundreds of declarations under Sect. 1.131 as in this case. Therefore, by virtue of his education, training and experience, Carmichael is qualified to render an opinion about the subject and his testimony is reliable.

### B. Carmichael's Opinion is based upon Sufficient Facts and/or Data

Carmichael conducted an extensive review of the facts in this case including reviewing the Pool Declaration, the Mauer Declaration, and the depositions of these individuals, along with other material listed in his report. Carmichael found that the Pool Declaration was submitted after the Examiner purportedly told Pool that affidavits would be reviewed in light of the original disclosure, which included the provisional application and software code which describes the front-end web site discussed in the Pool Declaration that Dell claims contains false statements. (Carmichael Depo. at pp. 67-68). Carmichael also relied upon DE Tech's validity expert, Michael I. Shamos, Ph.D., J.D.'s opinion that the Examiner could have compared the software submitted with the provisional application to the statements in the Pool Declaration based upon the Examiner's statement that the Pool Declaration would be reviewed in light of the foregoing

disclosures. (*Id.*). Based upon these facts, and applying the relevant PTO procedure and practice obtained through his education, training and experience, Carmichael reached a reasonable conclusion that the evidence did not support any intent to deceive the PTO on the part of the inventors. *See Hilt v. SFC Inc.*, 170 F.R.D. 182, 185 (D. Kan. 1997) (emphasizing that expert opinions may be based on the expert's education, training and experience, combined with reliance on reports, depositions or other information related to the particular circumstances, but that the expert must also explain factually why and how he reached those conclusions).

### C. Daubert does not require Independent Testing Before Carmichael's Opinion is Admissible

Dell has argued that Carmichael's failure to scientifically test his opinion makes his testimony unreliable. (Motion at p. 5). However, *Daubert* does not require an expert to perform testing before his opinion is admissible. *See McCoy v. Whirlpool Corp.,* 2003 U.S. Dist. LEXIS 6909 *10-11 (D. Kan. 2003) ("[i]ndependent testing is not the sine qua non of admissibility under Daubert.") Especially in this case, where Carmichael's opinion is not based upon scientific knowledge but rather upon more "technical" or "other specialized" knowledge. *See Kumho Tire Co.*, 526 U.S. at 145-146 (finding that the test of reliability is "flexible" and Daubert's list of specific factors neither necessarily nor exclusively applies to all experts or in every case). In this case, the *Daubert* factors cited in Dell's brief (*i.e.*, "(1) whether the particular scientific theory 'can be (and has been) tested'; (2) whether the theory 'has been subjected to peer review and publication'; (3) the 'known or potential rate of error'; (4) the 'existence and maintenance of standards controlling the technique's operation'; and (5) whether the technique has achieved 'general acceptance' in the relevant scientific or expert community" are not applicable to the facts of this case. (*See* Motion p. 5).

### D. Carmichael's Opinion is Reliable and Would Assist the Trier of Fact

Federal Rule of Evidence 702 obligates judges to ensure that any expert testimony or evidence admitted is relevant and reliable. *See Kumho*, 526 U.S. at 147 (quoting *Daubert*, 509 U.S. at 589). The party offering the expert has the burden of proving admissibility. *Daubert*, 509 U.S. at 592 n.10. Here, Carmichael's opinion regarding inequitable conduct is relevant and reliable and not based upon personal belief, or speculation.

The cases cited by Dell for a contrary position are distinguishable. For example, in *In re Rezulin Prods. Liab. Litig.*, 309 F. Supp. 2d 531 (S.D.N.Y. 2004), the plaintiffs engaged a number of physicians to testify that the conduct of the defendant drug company had been unethical. (*Id.*). This proposed testimony was not based on any expertise in ethics but instead on the physicians' personal, subjective views. (*Id.* at 543 n.27). Several of these experts also intended to testify about the defendant's state of mind. (*Id.*). The court excluded all of the testimony because it did not meet the reliability and relevance requirements of Rule 702 and Daubert. (*Id.*). The court stated that allowing the experts to take the stand would have permitted them "improperly to assume the role of advocates for the plaintiffs' case" as well as that of the jury. (*Id.* at 545-47). Similarly, in *In re Diet Drugs Prods. Liab. Litig.*, 2000 U.S. Dist. Lexis 9037, *19-20 (E.D. Pa. 2000), another case cited by Dell, the court refused to allow an expert to testify about a pharmaceutical company's intent because the opinion was not based upon his area of expertise. (*Id.*).

Here, in contrast, Carmichael has extensive experience in evaluating how applicants acted and whether intent to deceive the PTO was present. He would offer his opinion based upon his education and experience in the field, unlike the physicians in *Rezulin* who had no experience whatsoever related to the subject of the testimony other than personal subjective

views, or the expert in *Diet Drugs* whose testimony was outside of his expertise. The question of intent in the present case is fundamentally related to the issue of inequitable conduct as is Carmichael's experience with respect to the subject. His testimony would therefore assist the trier of fact in determining a matter in dispute. *See Poly-America, Inc. v. Serrot Int'l, Inc.*, 2002 U.S. Dist. LEXIS 15995 (N.D. Tex. 2002) (allowing expert witness to testify about intent based upon evidence or facts or data that fall under Rule 703). Any challenges to the testimony should be reserved for cross-examination, not Motions to Strike. *(Id.).*

### III.  CONCLUSION

For the foregoing reasons, DE Tech respectfully requests that Dell's Motion to Strike Portions of the Rebuttal Expert Report of Mr. James T. Carmichael be denied.

Respectfully submitted,

DE TECHNOLOGIES, INC.
By its attorneys,

_____

Christopher P. Sullivan (*pro hac vice*)
David E. Marder (*pro hac vice*)
Marc N. Henschke (*pro hac vice*)
Jonathan Mutch (*pro hac vice*)
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
800 Boylston Street, 25th Floor
Boston, MA 02199
Telephone: (617) 267-2300
Fax: (617) 267-8288

William B. Poff (VSB No. 03477)
Matthew P. Pritts (VSB No. 34628)
WOODS ROGERS PLC
10 Jefferson Street, Suite 1400
Roanoke, VA 24038-4125
Telephone: (540) 983-7649
Fax: (540) 983-7711

Dirk D. Thomas (*pro hac vice*)
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

Suite 300, 1875 Eye Street, N. W.
Washington, DC 20006
Telephone: (202) 775-0725
Fax: (202) 223-8604

Dated: February 14, 2007

## **CERTIFICATE OF SERVICE**

I, Christopher P. Sullivan, hereby certify that on February 14, 2007, I caused a true and correct copy of the attached *DE TECHNOLOGIES, INC.'S OPPOSITION TO DELL INC.'S MOTION TO STRIKE PORTIONS OF THE REBUTTAL EXPERT REPORT OF MR. JAMES T. CARMICHAEL to* be served via electronic filing on all parties of record.

_____
CHRISTOPHER P. SULLIVAN