**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**

|  |  |  |  |
|---|---|---|---|
| DE TECHNOLOGIES, INC., | ) | | |
| | ) | | |
| Plaintiff, | ) | Civil Action No: **7:04-cv-00628** | |
| | ) | | |
| v. | ) | Judge **Glen E. Conrad** | |
| | ) | | |
| DELL INC., | ) | Magistrate Judge Pamela Sargent | |
| | ) | | |
| Defendant. | ) | | |
| | ) | | |

## DELL INC.'S REPLY TO DE TECHNOLOGIES, INC.'S OPPOSITION

Dell Inc. ("Dell"), respectfully submits its Reply to DE Technologies, Inc.'s ("DE Tech") Opposition (docket entry no. 425) to Dell's Motion to Strike Portions of the Rebuttal Expert Report of Mr. James T. Carmichael (docket entry no. 402) ("DE Tech's Opposition").

## I.
## INTRODUCTION

DE Tech accuses Dell of filing a "senseless" and "frivolous" motion with "no legal basis" in an apparent "attempt to distract the Court." (*See* DE Tech's Opposition at p. 1.) In its Opposition, DE Tech claims that it does not seek to have Mr. Carmichael opine on subjective intent, knowledge, or state of mind during the patent application process. As a result of the representations and accusations made in DE Tech's Opposition, Dell offered to withdraw its Motion to Strike if DE Tech would stipulate regarding Mr. Carmichael's testimony at trial: "if DE Tech will stipulate that Carmichael will not offer any opinion testimony regarding the subjective intent of the inventors at trial, then Dell is willing to withdraw its motion." (*See* Roderick B. Williams Letter to Christopher P. Sullivan dated February 20, 2007, attached hereto as Exhibit A.) DE Tech refused this proposal. (*See* Pascale Guerier e-mail to Roderick B.

Williams dated February 22, 2007, attached hereto as Exhibit B.) Based on DE Tech's rejection of Dell's straight forward proposal, there is no choice but to assume that DE Tech intends to offer Mr. Carmichael to opine on the subjective intent of the inventors despite the clear legal precedent against such testimony. DE Tech ignores that precedent in its Opposition while at the same time claiming Dell's Motion to Strike has "no legal basis."

## II.
## BACKGROUND

Despite clear legal precedent to the contrary, DE Tech apparently intends to offer Mr. Carmichael to testify as an expert on the subjective intent, knowledge, or state of mind of DE Tech, Doug Mauer, and/or Ed Pool (collectively "DE Tech") in its interaction with the U.S. Patent and Trademark Office ("PTO") at the time it applied for the Patents-in-Suit (*See* DE Tech's Opposition at pp. 4-8.) While Mr. Carmichael would not go so far as to testify that he was an expert on "mind reading," he is prepared to offer himself as an "*expert on intent.*" (*See* Exhibit B of Dell's Motion to Strike at pp. 72:9-10 and 69:20-22.) Mr. Carmichael's purported expertise stems from a psychology class at Yale and his various roles at the PTO (*See id*. at pp. 69:24-73:5.)

## III.
## ARGUMENT AND AUTHORITIES

**A.** **DE Tech Fails to Acknowledge the Legal Precedent Establishing that Mr. Carmichael's Proffered Testimony is Outside the Bounds of Expert Testimony.**

At the same time it accuses Dell of filing a motion with no "legal basis," DE Tech fails to address the legal precedent cited by Dell. Inferences about the intent or motives of a party lie outside the bounds of expert testimony. *See Tunnel v. Ford Motor Co.*, 330 F. Supp. 2d 707, 728-29 (W.D. Va. 2004) (excluding expert testimony on knowledge); *Highland Capital Mgmt, L.P. v. Schneider*, 379 F. Supp. 2d 461, 469-70 (S.D.N.Y. 2005) (finding speculation regarding

state of mind is inadmissible and outside the bounds of expert testimony); *DePaepe v. General Motors Corp.*, 141 F.3d 715, 720 (7th Cir. 1998) (excluding expert testimony on motive); *Taylor v. Evans*, No. 94 Civ. 8425 (CSH), 1997 WL 154010, at *2 (S.D.N.Y. April 1, 1997) (same). DE Tech attempts to "distinguish" two cases cited by Dell. While these cases involve different facts, the holdings are consistent with Dell's position.

In *Rezulin*, the court found that: (1) "inferences about the intent or motive of parties or others lie outside the bounds of expert testimony" and (2) the question of intent is a classic question for the trier of fact. *In re Rezulin Products Liab. Litig.*, 309 F. Supp. 2d 531, 547 (S.D.N.Y. 2004). In *Diet Drugs*, the holding was the same: "the question of intent is a classic [question for the trier of fact] and not one for experts. . . . " *In re Diet Drugs Products Liab. Litig.*, No. MDL 1203, 2000 WL 876900, at *9 (E.D. Pa. June 20, 2000). These decisions are not as fact-specific as DE Tech would have this Court believe. Rather, they are based on the established legal principle that experts are not permitted to opine on subjective intent. To allow experts to do so would invade the province of the trier of fact. Mr. Carmichael's credentials, no matter how impressive DE Tech would have this Court believe them to be, cannot overcome the general rule that experts are not permitted to opine on subjective intent.

The only "precedent" that DE Tech cites for the proposition that an expert may opine on subjective intent is *Poly-America, Inc. v. Serrot Int'l, Inc.*, No. 3:00-CV-1457-D, 2002 U.S. Dist. LEXIS 15995 (N.D. Tex. Aug. 26, 2002). But DE Tech misrepresents the applicable holding in *Poly-America, Inc.* The trial court did not "allow[] [the] expert witness to testify about intent based upon evidence or facts or data that fall under Rule 703." (*See* DE Tech's Opposition at p. 6.) Rather, the trial court deferred the time to make that decision and held that the issue should

be dealt with by objection at trial.  *Id.* at *45.  DE Tech's apparent attempt to mislead the Court should be rejected.

**B.  Mr. Carmichael is Not Qualified to Opine on Intent.**

DE Tech's main argument in its Opposition is that because Mr. Carmichael "prosecut[ed] attorneys accused of misconduct before the PTO where he exercised his prosecutorial discretion in determining intent . . .," he is qualified to opine on intent.  (*See* DE Tech's Opposition at p. 3.) If DE Tech's position was sound, what would stop a former prosecutor who exercised prosecutorial discretion in prosecuting a case from testifying as an expert in a subsequent criminal trial that the accused *intended* to kill someone?  What would stop a former judge who presided over countless civil trials where intent was an issue from testifying as an expert regarding a litigant's *intent*?

The answer is, of course, Federal Rules of Evidence 702, 703, 704, and 402 and clear legal precedent – the same legal precedent that Dell cites and that DE Tech ignores in its Opposition.  Such testimony is outside the bounds of expert testimony and inadmissible.

## IV.
## CONCLUSION

For the foregoing reasons, Dell respectfully requests the Court to grant its Motion to Strike Portions of the Rebuttal Expert Report of Mr. James T. Carmichael and preclude Mr. Carmichael from offering any opinions on the subjective intent, knowledge, or state of mind of the inventors during the patent application process.

**Dated: February 26, 2007**

**DELL INC.**

By its attorneys,

*/s/ Michael A. Valek*
Willem G. Schuurman (TX Bar No. 17855200)
Roderick B. Williams (TX Bar No. 21573700)
Christopher V. Ryan (TX Bar No. 24037412)
Michael A. Valek (TX Bar No. 24044028)
VINSON & ELKINS LLP
The Terrace 7
2801 Via Fortuna, Suite 100
Austin, TX 78746-7568
Telephone: (512) 542-8400
Fax:          (512) 236-3422

Of Counsel:

William R. Rakes (VSB No. 3481)
GENTRY LOCKE RAKES & MOORE LLP
800 Suntrust Plaza
10 Franklin Rd., S.E.
Roanoke, VA  24022-01003
Telephone: (540) 983-9374
Fax:          (540)983-9400


John M. Faust (VSB No. 37598)
VINSON & ELKINS LLP
1455 Pennsylvania Ave., N.W., Suite 600
Washington, DC 2004
Telephone: (202) 639-6500
Fax:          (202) 879-8927

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA**

|  |  |  |
|---|---|---|
| DE TECHNOLOGIES, INC., | ) | |
| Plaintiff, | ) | Civil Action No: **7:04-cv-00628** |
| | ) | |
| v. | ) | Judge      **Glen E. Conrad** |
| | ) | |
| DELL INC., | ) | Magistrate Judge Pamela Sargent |
| Defendant. | ) | |
| | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on February 26, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel for all parties. In addition, a copy of the foregoing has been sent via email to counsel for all parties as follows:

William B. Poff (VSB No. 03477)
Matthew P. Pritts (VSB No. 34628)
James R. Creekmore (VSB No. 36246)
WOODS ROGERS PLC.
10 South Jefferson Street, Suite 1400
Roanoke, VA 24038-4125
Telephone: (540) 983-7649
Fax:      (540) 983-7711

Of Counsel:
Christopher P. Sullivan
David E. Marder
Marc N. Henschke
Jonathan D. Mutch
ROBINS, KAPLAN, MILLER & CIRESI, L.L.P
800 Boylston Street, 25th Floor
Boston, MA 02199
Telephone: (617) 267-2300
Fax: (617) 267-8288

Dirk D. Thomas
ROBINS, KAPLAN, MILLER & CIRESI, L.L.P
1801 K Street N.W., Suite 1200
Washington, DC 20006
Telephone: (202)775-0725
Fax: (202) 223-8604

*/s/ Dawn Crider*

805466v1